## STATE OF ARKANSAS v. PARKER.

CRIMINAL PRACTICE: *Statute requiring bond for cost.*
    The statute (Gantt's Digest, sections 2020, 2024), requiring the prosecutor, or some other person, to give bond for cost in misdemeanors, applies to prosecutions before Justices of the Peace, or other inferior courts, and not to prosecutions by indictment in the Circuit Court.

APPEAL from *Sebastian* Circuit Court.

Hon. WILLIAM WALKER, Circuit Judge.

*C. B. Moore*, Attorney-General, for the State :

1. There is no statute requiring the prosecuting witness, nor any witness, to indorse his name on the indictment. *Section 1778, Gantt's Digest*, only provides that the names of the witnesses examined must be indorsed, etc. This is for the convenience of the prosecuting attorney and clerk. *The indictment good, without the name of a single witness indorsed.*

2. *Section 2020 Gantt's Digest*, applies to Magistrates' and Police Courts, etc., and not to Circuit Courts.

ENGLISH, C. J. At the May term, 1882, of the Circuit Court of Sebastian County, for the Greenwood District, Polk Parker was indicted for assaulting Elisha L. Cobb, with a pistol, with intent to inflict upon him a bodily injury, etc.

The defendant moved to quash the indictment on two grounds:

1. Because Elisha L. Cobb, the party charged to have been assaulted, did not indorse his name upon the indictment as prosecutor.

2. Because he did not enter into any obligation to pay or secure the costs of the prosecution.

The court sustained the motion, quashed the indictment, and discharged the defendant, and the State brought error.

I. By section 98, chapter 52, of Gould's Digest, taken from the Revised Statutes, no indictment for any trespass on the person or property of another could be preferred, unless the name of the prosecutor was indorsed thereon, except when the same was preferred on the information or knowledge of one or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty, or the testimony of some witness other than the party injured, in which case, a statement of the fact

was required to be made at the end of the indictment, and signed by the attorney for the State. See *State v. Denton*, *14 Ark., 343*; *State v. Harrison*, *19 ib., 565*; *State v. Stafford*, *20 ib., 145*; *State v. Brown*, *10 ib., 104*; *Gabe alias Santa Anna*, *6 ib., 540*.

But the Criminal Code, which prescribes the substance of indictments, and what shall be indorsed upon them, contains no such provision, and the above statute was treated as repealed by it, and not carried into Gantt's Digest. See Gantt's Digest, Criminal Procedure, taken from the Criminal Code.

II.  The statute requiring the prosecutor, or some person for him, to give bond for costs, in prosecutions for misdemeanors (*Gantt's Digest, secs. 2020 to 2024*) applies to prosecutions before Justices of the Peace, and other inferior courts, and not to prosecutions by indictment in the Circuit Courts.

For practice under this statute, see *Mann v. State, 37 Ark., 405*.

The judgment must be reversed, and the cause remanded, with instructions to the court below to require defendant to plead to the indictment.