WHITMORE v. STATE.

### Opinion delivered November 28, 1903.

1.  INTOXICATING LIQUORS—PURCHASE FOR ANOTHER.—An instruction that if defendant purchased intoxicating liquors for others by taking orders therefor, and took orders for different parties together or severally, and then purchased the liquors for them with money given by them for that purpose, and distributed them according to their orders, he would be guilty of an unlawful sale, is erroneous, as it is not unlawful to purchase liquor for others at their request and with their money, (Page 16.)

2.  SAME—GOOD FAITH IN PURCHASE.—An instruction that it is lawful for one to buy or order whiskey for another, "provided the transaction is made in good faith on the part of the party ordering," is erroneous in making the agent's innocence depend upon the intention or good faith of his principal. (Page 16.)

3.  SAME—PURCHASE BY AGENT—PREPAYMENT.—An instruction which makes the lawfulness of a purchase of whiskey by an agent to depend upon whether the purchase money and other expenses of the purchase were prepaid to him by his principal is erroneous. (Page 16.)

Error to Howard Circuit Court.

WILLIAM C. RODGERS, Special Judge.

Reversed.

#### STATEMENT BY THE COURT.

Bill Whitmore, the defendant, was indicted for selling intoxicating liquors without license. On the trial there was evidence tending to prove that he sold whiskey without license. On the other hand, there was evidence which tended to show that he did not sell whiskey or intoxicating liquor, but that he only made out orders for whiskey to St. Louis parties dealing in whiskey for such of his neighbors as requested him to do so as a favor to them, he having no interest in the sale, and only acting as agent for the party wishing to purchase.

The court gave, among other instructions, the two following. at the request of the prosecuting attorney, to the giving of which the defendant objected and excepted in due time :

"No. 2. The court instructs the jury in this case that, if they believe from the evidence, beyond a reasonable doubt, that the defendant in Howard county, Ark., within twelve months before the filing of this indictment, procured the sale of ardent, vinous, malt, fermented or intoxicating liquors for others by taking orders therefor, and that he took orders for different parties together or severally, and then purchased the liquors for them with money given by them for this purpose to the defendant, and distributed it among them according to their orders, he (the defendant) would then be guilty of an unlawful sale of liquors to said parties, and you should convict the defendant.

"No. 3. A party has a right to order whiskey through an agent, and the agent could do anything in the way of getting the liquor that the person employing him could; and where one employs another to order whiskey for him, and pays the price and all the expenses incident to the purchase and delivery of the whiskey before the order and delivery are made, it is lawful, provided the transaction is made in good faith on the part of the party ordering."

For the defendant the court gave at his request the two following instructions:

"No. 4. The court tells the jury that they have no right to disregard the testimony of the defendant on the ground alone that he is the defendant, and stands charged with the commission of the crime. The law presumes the defendant to be innocent until he is proved guilty, and the law allows him to testify in his own behalf, and the jury should fairly and impartially consider his testimony, together with all the other evidence in the case, taking into consideration the interest he may have in the result of your verdict.

"No. 5. The court instructs the jury that you cannot convict the defendant for ordering whiskey from one authorized by law to sell liquor unless you further find from the evidence that the defendant solicited and got others to make orders through him, either directly or indirectly."

There was a verdict of guilty, and judgment accordingly, from which the defendant appealed.

*Feazel & Bishop,* for appellant.

*Geo. W. Murphy, Attorney General,* for appellee.

RIDDICK, J. (after stating the facts.)   In this case the attorney general has confessed that there was error in the instructions given by the court, and, after considering the same, we concur in that opinion, and sustain the confession of error.   The second instruction given by the court of his own motion would justify the conviction of the defendant if he did nothing more than purchase whiskey for others at their request and with their money.   But there is nothing in our statute that makes it unlawful for one to purchase whiskey for another without license.   The license is required of those who sell, not of those who buy, and one may purchase, either for himself or another, all the whiskey in the state, and under our statute he commits no crime by making the purchase.

The presiding judge was no doubt fully conscious of this, and he undertook to cover that phase of the law by his third instruction.   But this instruction, though correct in the main part, is in certain respects somewhat too stringent.   It correctly states the law that it is lawful for one to buy or order whiskey for another, but it seems to make the lawfulness of the transaction, so far as the agent is concerned, depend upon the good faith of the party ordering the whiskey, whereas, if one pretends to purchase whiskey for another, his guilt or innocence, so far as the crime of making a sale instead of a purchase is concerned, depends upon his own good faith in doing only that which he pretends to do, for the law rarely if ever makes the guilt of one party depend upon the intention or the good faith of another.

There is another respect in which this instruction seems to be misleading, though it probably did no harm under the facts of this case.   The language used seems to carry the idea that, to make the purchase of whiskey for another lawful, the purchase money and other expenses of the purchase must be paid in advance.   But a purchase of whiskey is like the purchase of any other commodity, and, as one may advance money and purchase wheat or corn for another without making the transaction a sale of wheat or corn by him to the other, so in like manner

he may purchase whiskey. If one seeing his neighbor on his way to town requests him to purchase for him a bottle of whiskey, promising to return the purchase money when he sees him, and the neighbor does so, and leaves the bottle at the house of the one for whom he purchased, this does not render the party purchasing the whiskey guilty of making a sale of whiskey. Nor, if he acted in good faith about the matter himself, would he be guilty, although the money was never returned, even though it should turn out that the buyer acted in bad faith and never intended to repay it, for the transaction would be nothing more than the loan by the neighbor of the price of the whiskey to the party for whom he purchased.

There would, no doubt, be considerable profit in the retailing of whiskey and other intoxicating beverages if the business could be safely carried on without the payment of a license. To evade the law and accomplish this purpose, subterfuges of various kinds are at times resorted to by those who have no scruples about violating the law. But crimes of this kind may be established by circumstantial evidence, as other facts may be thus proved; and whenever the illegal sale is shown to have been made, the law inflicts the penalty, without regard to what the parties may have agreed to call the transaction. The evidence in this case makes it seem not improbable that the defendant, under the pretense of ordering whiskey for others, may have been engaged in the business of buying and selling whiskey to others as a source of profit to himself. But whether a sale is made is generally a question of fact which should be fairly submitted to the jury for their decision, and we think that the instructions do not do that in this case.

We have not overlooked the fact that the defendant himself asked for an instruction somewhat on the same lines as these given by the court of which he complains. If the instructions were substantially the same, we should affirm the judgment, notwithstanding the error in instructions, on the ground that the defendant has no right to complain of a statement of the law which he indorsed and induced the court to give, for, if error was thus committed, it was one which he himself invited.

But the instructions asked by the defendant, though not a correct statement of the law, are not the same as those given by

the court of which he complains. The defendant's instruction No. 5, set out in the statement of facts, tells the jury not to convict unless the defendant "solicited and got others to make orders through him, either directly or indirectly," while the instruction given by the court of which he complains, which is also set out in full in the statement of facts, tells the jury that if the defendant procured the sale of intoxicating liquors for others by taking orders therefor, and by purchasing the liquor and distributing it among them according to their orders, he would be guilty of making an unlawful sale of liquors to those parties. Now, while these instructions are not the same, so that we cannot say that by asking for one of them the defendant invited the court to give the other, yet the defect in each of them arises from a similar cause, and that is in each of them there is an attempt to make an act which may or may not be evidence of a sale equivalent to the sale itself. The fact that one takes orders from others for the purchase of whiskey, and afterwards delivers the whiskey, may be evidence of a sale, but it does not in all cases constitute or prove a sale, and the question as to whether such evidence amounts to a sale is generally a question for the jury. The fact that one solicits another to permit him to purchase or order whiskey for him may tend to show that the one who solicits intends to make a profit out of the transaction, and that he really intends to make a sale of the whiskey to the party for whom he pretends to order. But, though it may be evidence of a sale, it is not the same thing as a sale, and the party who solicits may be entirely innocent of making a sale. If one wishing to purchase a half gallon of whiskey comes to the conclusion that he can procure it on better terms by getting his neighbor to join with him in the purchase of a gallon, each taking a half gallon, he has, under our statute, the right to do so, and it is therefore incorrect to say that if one solicits another to allow him to purchase whiskey for him, and the other permits him to do so, the one soliciting is guilty of selling whiskey.

There is nothing in the decision in *Hunter* v. *State*, 60 Ark. 312, 30 S. W. 42, that supports the instructions given as requested by the defendant or given by the court. In that case the facts were peculiar, and a majority of the judges were of the opinion that the defendant was guilty because they found

that he aided and assisted a distiller in violating the law, which forbade him to sell in quantities less than five gallons. But it is not claimed in this case that the party in St. Louis had no right to ship this whiskey to the parties ordering in any quantities that they might order, nor is there any evidence to show that the defendant was acting as agent of the seller, so we think the reasoning of that case does not apply here.

Though there is evidence sufficient to sustain the conviction, had the case been properly submitted, we are of the opinion that there was prejudical error in the instructions. The judgment is therefore reversed, and a new trial ordered.