ANDERSON *v.* STATE.

Opinion delivered April 22, 1907.

MINOR—SALE OF LIQUORS TO.—Where B, a minor, in this State gave money to A to procure whisky in another State, which A procured in that State and delivered to B in this State, A was not guilty of violating Kirby's Digest, § 1943, declaring it a misdemeanor to sell or give away, or to be interested in the sale or giving away of, any liquors to any minor without the written consent of the parent or guardian.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*J. T. Cowling,* for appellant.

The sale and purchase of the liquor occurred in the State of Texas. Appellant violated no statute of Arkansas. 45 Ark. 365; 54 Ark. 544; 17 Am. & Eng. Enc. of L. (2 Ed.) 333.

*Wm. F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellee. If the words "given away," as used in the statute, under which appellant was convicted, Kirby's Dig. § 1943, are to be construed in their restricted sense, the case will have to be reversed; but if given their usual and ordinary meaning, the judgment should stand. A penal statute should be construed to carry out the obvious intent of the Legislature, and be confined to that. Every case must come, not only within its letter, but within its spirit and purpose; but it should be given a rational conclusion. Sutherland, Stat. Con. § § 526-528; 128 Mo. 384; 3 Sumner, 207; 12 Bush, 240.

BATTLE, J. The indictment in this case was based upon the following statute:

"Any person who shall sell or give away, either for himself or another, or be interested in the sale or giving away of, any ardent, vinous, malt or fermented liquors, or any compound or preparation thereof called tonics, bitters or medicated whisky, to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than fifty nor more than one hundred dollars." Kirby's Digest, § 1943.

It was alleged in the indictment that "John Anderson, on the 18th day of June, 1906, did unlawfully sell and give away

and unlawfully was interested in the sale and giving away of ardent, vinous, malt, spirituous and intoxicating liquor to Jim Boyer, a minor under the age of twenty-one years, without the written consent of the parents or guardian of him, the said Jim Boyer."

The defendant pleaded not guilty, and was tried. The following are the facts in the case: Jim Boyer, a minor about fifteen years old, gave to John Anderson, the defendant, fifty cents in money to purchase whisky for him in the State of Texas. The defendant, about the fourth Sunday of June, 1906, in the State of Texas, bought whisky for Boyer, and paid for it the fifty cents he gave him for that purpose; and delivered to him (Boyer) the whisky so purchased, and received nothing in addition to the fifty cents for the same, nor any profit.

Upon these facts the court instructed the jury to find the defendant guilty, which they did and assessed his fine at fifty dollars. Judgment was rendered accordingly; and the defendant appealed.

Every act of the defendant, except receiving the money and the delivery of the whisky, was done in the State of Texas. The money and whisky were the property of Boyer. No offense was committed in Arkansas, and the defendant was not amenable to the laws of this State.

If Anderson had purchased the whisky in Arkansas, instead of Texas, the purchase would not have been punishable; but he would have been an aider and procurer of the sale, and would have been punishable as a principal in violating the statute inhibiting the sales of whisky to a minor without the written consent of his parents or guardian. In no other way could he have been held guilty of a violation of the statute. *Foster* v. *State,* 45 Ark. 361. But the procuring and aiding were done in Texas, and he cannot be punished in this State on that account.

This court refused to follow *Commonwealth* v. *Davis,* 12 Bush, 240, cited by appellee, in *Wallace* v. *State,* 54 Ark. 542, Chief Justice COCKRILL, in delivering the opinion of the court in that case, said. "The case of *Commonwealth* v. *Davis,* 12 Bush, 240, is more nearly in point—the language of the statute, 'sell, loan or give' liquor to a minor, being construed to cover every case where liquor was delivered to a minor. The defendant in

that case might have been convicted of selling liquor to a minor, under the decision in *Foster* v. *State,* 45 Ark. 328, for he aided the seller in making the sale to the minor, and thereby became a principal in the offense. But we cannot accept the construction placed upon the statute in that case as controlling authority."

Reversed and remanded for a new trial.