## DALE *v.* STATE.

Opinion delivered May 31, 1909.

1. LIQUORS—PARTICIPATION IN PURCHASE.—Where there is no statute against the purchase of whisky, one who assists the purchaser in

buying whisky from one not authorized to sell it, but does not par-ticipate in the sale, is not guilty of violating the statute against un-lawful sales. (Page 582.)

2. SAME—PARTICIPATION IN UNLAWFUL SALE.—One who procures or as-sists in procuring a purchaser of whisky on behalf of one not author-ized to sell it, or stands by and assists the seller in making a sale, or assists both seller and buyer in making a sale that could not be made without his aid, is liable as a principal for selling whisky unlawfully. (Page 582.)

3. SAME—UNLAWFUL SALE—INSTRUCTION.—It was not error, in a prose-cution for selling whisky unlawfully, to refuse to charge that if defendant, at the request of a purchaser of liquor, stood good to the seller for the payment of the purchase money, but was not interested in the whisky, he was not guilty of selling liquor unlawfully; since defendant might be interested in the sale though not interested in the whisky. (Page 582.)

Appeal from Faulkner Circuit Court; *Eugene Lankford,* Judge; affirmed.

STATEMENT BY THE COURT.

This appeal is from a conviction for selling whisky within ten miles of Hendrix College. The evidence on behalf of the State tended to show that appellant sold whisky within ten miles of Hendrix College as charged.

Appellant in his own behalf testified as follows: "He took his gun and attempted to get a shot at some geese on the sand-bar; that a party called Shorty went with him; that they went to Atkin's gin, where they met Will Starrett; that Will Starrett asked him if he didn't have some whisky to sell, to which he replied that he did not; that Shorty, who was with him, spoke up and said that he had some; that Shorty and Starrett had some conversation, after which Starrett stated to him (Dale) that Shorty would not sell the whisky to him without the money, and asked him (Dale) if he would not stand good to Shorty for the payment of the money by him, Starrett; that he agreed to do so, and that Shorty then delivered to Starrett two pints of whisky; that he (Dale) never sold Starrett any whisky, and was not in-terested in the whisky; that it was Shorty's whisky and not his; that he and Shorty started away, and that Starrett followed them; that when they came up with Helton in his wagon Starrett asked Helton if he did not want to buy some whisky, and that he sold Helton a pint of whisky for fifty cents; that Willse Martin came

by, and that Starrett sold him two pints of whisky for one dollar; that Shorty furnished one of the pints; that Starrett went off with him and Shorty down to the sandbar where he had previously seen Starrett get some whisky, and Starrett and he stopped at this place, and Starrett got two more pints of whisky; that he had only a couple of days before that employed Shorty to work for him in managing his fishing tackle."

The court instructed the jury as follows:

"The court instructs the jury that all parties who are concerned in the commission of a misdemeanor are guilty as principals. So, if you believe from the evidence that the defendant, George Dale, within one year from filing information, aided, directly or indirectly, or assisted or encouraged the sale of whisky within ten miles of Hendrix College, you will find the defendant guilty as charged."

Appellant objected to the instruction and duly excepted.

The appellant asked and the court refused to give the following instruction: "You are instructed that if you believe from the evidence that the whisky was the property of the party called Shorty, and that the sale was made to Starrett by the party called Shorty, and that Dale merely, at the request of Starrett, stood good to Shorty for the payment of the money by Starrett, and that he was not interested in the whisky, then in that event the defendant would not be guilty," to which refusal of the court the defendant at the time excepted.

The motion for new trial assigns other errors besides those indicated *supra*. But the bill of exceptions does not show that any other exceptions were taken to the rulings than those mentioned.

*U. S. Bratton,* for appellant.

*Hal. L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. An objection not pressed to a ruling, or which is not preserved in the motion for new trial, will not be considered here. 73 Ark. 407; 51 Ark. 380; 25 Ark. 380.

2. The instruction requested by appellant, having no evidence to support it, was properly refused. 21 Ark. 69; 23 Ark. 730; 65 Ark. 222.

3.   One who aids or assists in the sale of liquor is guilty as a principal.  83 Ill. 431; 36 Kan. 43; 113 Mich. 213; 74 S. W. 323; 42 Tex. Cr. 600; 38 *Id.* 537; 37 *Id.* 505.

WOOD, J. (after stating facts).   It has often been ruled that one who aids another in the sale of whisky contrary to law is guilty as a principal offender, no matter what subterfuge is resorted to, or what means are employed to accomplish the sale. *Foster* v. *State,* 45 Ark. 361.   But it is also well settled that where there is no statute against the purchase of whisky, one who assists the purchaser in buying the whisky and confines his participation in the transaction exclusively to the buying and not to the selling is not guilty of any offense. *Fenix* v. *State, post.* p. 589; *Foster* v. *State,* 45 Ark. *supra; Whitmore* v. *State,* 72 Ark. 14. See *Anderson* v. *State,* 82 Ark. 405; Black, Int. Liquor, Sec. 381. But the law does not tolerate any device whatsoever.   Therefore where one for the seller procures or assists in procuring a purchaser, or stands by and assists the seller in making a sale, or assists both seller and buyer to make a sale that could not be made without his aid, then he is a *particeps criminis,* and, in law, a principal offender, and may be so punished.

The court did not err in refusing appellant's prayer.   For, conceding that appellant confined his activities solely to the buying side, and that he was in no manner interested in the sale, and did nothing whatever to assist the seller in making it, still the prayer does not present that issue.   It tells the jury that if Dale merely, at the request of Starrett, stood good to Shorty for the payment of the money by Starrett, and that he was not interested in the whisky, then in that event appellant would not be guilty. But that is not the law.   One might be interested in the sale and aiding the seller, and yet have no interest in the whisky being sold.   One might be employed by another to assist him in making a sale, and act as his agent in making the sale of a commodity, and yet have no interest whatever in the thing being sold.   He might be interested in the proceeds of the sale, or interested in making the sale because of some pecuniary or other benefit that he expected to reap from it, and yet not have any interest in the thing that was being sold.   The distinction is clear, and it is vital.

The instruction was well calculated to mislead the jury.   The

court therefore did not err in refusing it. If appellant desired the jury instructed along the lines contended for in his brief, he should have presented a correct prayer.

Finding no error, the judgment is affirmed.