## Bobo v. State.

### Opinion delivered December 2, 1912.

LIQUORS—AIDING IN UNLAWFUL SALE—LIABILITY.—One who aids another in the illegal sale of whiskey is guilty and punishable as principal.

Appeal from Lafayette Circuit Court; *Jacob M. Carter*, Judge; affirmed.

*Searcy & Parks*, for appellant.

Under the evidence this case should be controlled by the case of *Whitmore* v. *State*, 72 Ark. 14.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

The case is controlled by the case of *Josey* v. *State*, 88 Ark. 269.

HART, J.   Henry Bobo was indicted and convicted of the offense of selling whiskey without license.   The facts are as follows:

E. E. Mulkey went into a restaurant in Lafayette County. Arkansas, where the defendant, Henry Bobo, was employed, He told Bobo that he wanted a drink, and asked him if he knew where he could get any whiskey.   He told Bobo that if he could get it he would pay for it.   He gave Bobo $1.50 with which to get the whisky and Bobo left the restaurant and soon afterwards returned with a quart of whiskey, which he delivered to Mulkey.   Bobo said that he got the whiskey down at the power house from a man by the name of George Russell and gave him the $1.50 for it.   That he brought the whiskey back to the restaurant and delivered it to Mulkey, and that Mulkey gave him a drink out of the bottle.   On cross examination, Bobo stated that two or three days before this Russell had come around to the restaurant and told him if he wanted any whiskey at any time that he had some for sale.   Russell did not ask Bobo who the whiskey was for, and Bobo did not tell Mulkey from whom he got it.   At the conclusion of the evidence the court directed a verdict of guilty, and the action. of the court in so doing is assigned as error.

Counsel for the defendant rely upon the case of *Whitmore* v. *State*, 72 Ark. 14.   In that case the State introduced evidence tending to prove the defendant sold whiskey without license. On the other hand, there was evidence which tended to show that the defendant did not sell the whiskey, but that he only made out an order for whiskey to persons in St. Louis dealing in liquors for the person to whom he was charged with selling the whiskey.   The persons in St. Louis were licensed liquor dealers.   The court held that if the defendant in that case did nothing more than order liquor for another person from this

firm he was not guilty.    This was because the persons in St. Louis were authorized to sell liquors, and the law did not prohibit any one from buying from them.    This was but an application of the well known rule of agency; that is to say, that which a man may legally do himself he may also do by an agent.    The facts in this case are essentially different, and we think the present case is controlled by the principles of law announced in the case of *Foster* v. *State*, 45 Ark. 361. In that case Foster was indicted for selling liquor to a minor. The proof was that Foster took the money of the minor and purchased the liquor for him at a saloon in which he was not interested, and delivered the liquor to the minor.    The court said that Foster was not the actor in making the sale to the minor, and to this extent was not within the language of the statute which prohibited the sale of whiskey to minors.    The court held, however, that, following the rule of the common law, all persons concerned in the commission of a crime less than a felony, if guilty at all, are principals, and that Foster was guilty because he aided and abetted the liquor seller, which was the offense prohibited by the statute.    The court said:

"However men combine, each one is criminally responsible for what he personally does,   *   *   *   for the whole of what he assists others in doing, and for all that the others do through his procurement.    Bish. St. Cr. § 1024.    The appellant had the evil design of procuring a sale of liquor to a minor, and his act directly and immediately led to the commission of the offense.    This made him a principal in the offense."

In the application of this rule in the case of *Dale* v. *State*, 90 Ark. 579, the court said:

"It has often been ruled that one who aids another in the sale of whiskey contrary to law is guilty as a principal offender, no matter what subterfuge is resorted to, or what means are employed to accomplish the sale."

Again the court said:

"One might be interested in the sale and aiding the seller, and yet have no interest in the whiskey being sold.    One might be employed by another to assist in making a sale, and act as his agent in making the sale of a commodity, and yet have no interest whatever in the thing being sold.    He might be

interested in the proceeds of the sale, or interested in making the sale because of some pecuniary or other benefit that he expected to reap from it, and yet not have any interest in the thing that was being sold. The distinction is clear, and it is vital."

Under the facts of the present case the defendant Bobo aided Russell in making the sale of the whiskey to Mulkey, and thereby became a principal in the offense. Mulkey did not know that Russell was engaged in the illegal sale of whiskey. He came into the restaurant where Bobo was working and asked him if he could get him any whiskey and gave him money to pay for it with. Bobo went out and got the whiskey from Russell and came back and delivered it to Mulkey.

On cross examination he was asked, "How come you to know where to get that whiskey?" To which he answered, "The man that was selling it had been around there and told me that if I wanted any he had some for sale and told me where to find him at." We quote further from his cross examination as follows:

"Q. How come this man coming around up there telling you he had whiskey to sell and you could get some any time you wanted to?

"A. Well, I guess he knew that I was in a public place.

"Q. In fact, he asked you to turn everything you could his way?

"A. No, sir. I bought it for myself before.

"Q. Well, he told you that if anybody come around there that wanted whiskey you could get it, didn't he?

A. No, sir. He just told me I could get some if I wanted it."

While Bobo says he procured the liquor from Russell at the request of Mulkey with money furnished by him for the purpose, still he admits that Russell was not known to the buyer, and had told him that he had liquor for him whenever he wanted it. This shows that Bobo was a necessary factor in making the sale, and that he acted for the seller as well as the buyer, and as such intermediary he was interested in the sale of the liquor, within the rule announced in the case of *Dale* v. *State, supra,* and became thereby a principal offender.

The judgment will be affirmed.

McCulloch, C. J., (concurring).   I concur in the judgment of affirmance, but upon grounds different from those stated by the majority.   I do not think it is material whether or not Mulkey, the purchaser of the liquor, knew who the seller was.   The fact that, according to his own admissions, he acted as messenger or agent for the purchaser made him a participant in the unlawful sale, and he was, therefore, guilty as a principal.   That is the logical and necessary result of the decision in *Foster* v. *State*, 45 Ark. 361.   There the defendant was charged with violating the statute against selling intoxicating liquor to minors.   The defendant took the money of a minor, and, acting as the latter's agent, purchased for him liquor from a licensed dealer.   The court decided that he was guilty of aiding in an unlawful sale to a minor.   Chief Justice Cockrill, speaking for the court, after pointing out that the buyer of liquor was guilty of no offense under the statute, said:

"As the minor was guilty of no offense, the appellant can not be punished for his complicity in the minor's act of purchase.   If he had done nothing more than counsel and advise the minor in getting the whiskey, he would not have violated the terms of the statute, and could not be held to criminal responsibility.   One can not be punished for violating only the spirit of a penal law.   But he has done more.   He aided and abetted the liquor-seller, and procured him to make the sale to the minor.   This is the offense the statute is aimed at."

He goes on further to say that, if the liquor dealer had been apprised of the fact that the sale was to defendant as agent for a minor, the dealer and the defendant would both be guilty.   The point of the case is that one who acts as the agent of the purchaser in bringing about an unlawful sale of liquor is guilty of aiding and abetting the unlawful sale, even though his principal is not guilty under the law.   That fully covers this case.   The following cases sustain this view, and I think they are sound:   *Buchanan* v. *State*, 4 Okla. Cr. Rep. 645, 112 Pac. 32, 36 L. R. A. (N. S.) 83; *Wortham* v. *State*, 80 Miss. 212, 32 So. 50.

In *Buchanan* v. *State*, *supra*, the court cited with approval our case of *Foster* v. *State*, and held (quoting the syllabus) that "any person who acts as a messenger or agent of the buyer in going after, purchasing, and bringing back prohibited liquors

is thereby aiding and assisting in the sale of such liquors, and may be prosecuted and convicted for such sale."

My conclusion, therefore, is that the trial court properly held defendant's own testimony established his guilt, for the reason that it showed that he acted as messenger or agent in purchasing liquor from Russell, who was not a licensed dealer and violated the law in making the sale.