## WOODS v. STATE.

Opinion delivered October 12, 1914.

1. LIQUOR—SALE WITHOUT LICENSE.—Where defendant purchased whiskey at the request of one M., with money belonging to M., going to a person to whom M. directed him, defendant having no interest in the liquor nor the sale thereof can not be convicted of the crime of selling intoxicating liquor without a license.

2. LIQUOR—PROCURING FOR ANOTHER.—Under an indictment charging the unlawful sale of intoxicating liquors, a defendant can not be convicted of the crime of purchasing liquor for another as denounced in Kirby's Digest, § 5135.

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge, reversed.

*Steel, Lake & Head,* for appellant.

We think the trial court erroneously construed the purport of the decisions of this court in liquor selling cases to be that where one, with money furnished by another, purchases intoxicating liquor of an unlicensed dealer then, no matter whether he is acting solely as agent of the party who furnished the money and is not interested in the liquor or its sale, or not, the party making the purchase is guilty, notwithstanding the party for whom it is bought directs the purchaser to go to a particular person and get a certain quantity of liquor with a certain sum of money then handed him for that purpose.

The Foster case, 45 Ark. 361, and the Hunter case, 60 Ark. 312, upon which the State relies for conviction, do not sustain this construction, because in both of those cases the means resorted to were for the purpose of evading the law, and that the purchaser concocted a scheme whereby he induced an innocent owner trying to conform his conduct to the law, to violate it unwittingly.

That the court was wrong in construing this court's decisions to mean that all are violators of the law who purchase liquor of unlicensed dealers, see 68 Ark. 468; 72 Ark. 14; 82 Ark. 405; 90 Ark. 582; *Id.* 589; 101 Ark. 569; 105 Ark. 462.

*Wm. L. Moose,* Attorney General and *Jno. P. Streepey,* Assistant, for appellee.

Kirby, J. Appellant was convicted of the offense of selling intoxicating liquor without license upon a directed verdict, and appealed from the judgment.

The State's testimony tended to show that one McNutt, who was in the employ of the Anti-Saloon League as a detective, went to the appellant in Little River County and furnished him money with which to buy the whiskey, after first asking him if he knew where any could be procured, and that defendant replied that he did and took the money and purchased the whiskey and delivered it to McNutt. McNutt admits that at the time he gave appellant the money he told him where to go and from whom to purchase the whiskey, saying that he had already before talked with appellant and ascertained from him that the party to whom he directed him to go was selling whiskey. Appellant testified that McNutt came to him, asked him if he knew where he could buy any whiskey or who was selling whiskey, to which he replied that he did not; that McNutt then gave him the money and told him to go over to Graham's, who was selling liquor, and purchase some for him, which he did.

If the State's testimony was undisputed, the appellant would have been guilty of violating the law by a sale of the liquor, and the verdict properly directed within the authority of *Bobo* v. *State,* 105 Ark. 462. The testimony is not uncontradicted, however, the appellant having sworn positively that he told McNutt that he did not know of any one who was selling liquor, nor where any could be bought; that thereupon the detective gave him the money and told him the names of the parties who were selling liquor, and asked him to go and buy it, which he did, and that he had no interest whatever in the liquors nor the sale thereof.

Under his own testimony he was guilty, at most, of procuring or purchasing the liquor for another, under

section 5135, Kirby's Digest, for which he could not be convicted under an indictment charging the violation of the law by a sale thereof.

For the error in directing the verdict, the judgment is reversed and the cause remanded for a new trial.