PAYNE *v.* STATE, USE CITY OF BOONEVILLE.

Opinion delivered May 15, 1916.

1.  CRIMINAL PROCEDURE—BOND FOR COSTS—DISMISSAL.—Under Kirby's Digest, § 2476, where a motion to dismiss a prosecution is made before any affirmative steps have been taken in the trial, the defendant is entitled to have the cause dismissed, unless the prosecutor, or some one for him, shall enter into a bond for costs.

2.  ABATEMENT—ISSUE RAISED WHEN.—Matters in abatement must be raised *in limine*, or before any affirmative steps are taken by the defendant in the cause.

3.  LIQUOR—PURCHASE FOR ANOTHER.—By Act 191, Acts of 1899 (Kirby's Digest, § 5135), the Legislature made criminal that which was not so before the passage of the act, viz., to directly or indirectly procure or purchase for another any alcohol, etc., in any territory where the sale of liquors is prohibited.

4.  STATUTES—INTERPRETATION.—Where there is any ambiguity in the language of a statute, the court, to ascertain the meaning thereof,

will look, not only to the language of the act, but to the title of the act also.

5.  LIQUOR—PURCHASE FOR ANOTHER.—The proviso in section 2, Act 191, Acts 1899, that "this act shall not prohibit one person from buying for another from a licensed dealer," *held* to be surplusage and not to render the act void.

6.  LIQUOR—PROCUREMENT FOR ANOTHER.—Kirby's Digest, § 5135, denouncing the crime of purchasing or procuring liquor for another in prohibition territory, *held* valid.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; reversed.

*J. H. Evans*, for appellant.

1. No bond for costs was filed and no affidavit for a warrant. Booneville is a city of the second class. Kirby's Digest, § § 2488, 2490, 2476; 37 Ark. 405; 39 *Id.* 175; 111 *Id.* 51; 94 *Id.* 175.

2. Kirby's Digest, § 5135, is not a valid law. 45 Ark. 361; 105 *Id.* 462; 90 *Id.* 579, 589; 72 *Id.* 14; Act 191 Acts 1899. Prior to the passage of the act and since, the mere purchasing or procuring for another, intoxicating liquor where the seller sells unlawfully is not a violation of the law. Black on Interpretation of Laws, § § 40, 65, 113, 114, etc; 50 So. 396; 156 Ala. 396; 47 So. 245; 149 N. C. 537.

3. But if section 5133, Kirby's Digest, is a valid criminal statute there is no proof in this case that defendant was guilty. Kirby's Digest, § 2385; 51 Ark. 550. The court erred in its instructions to the jury. Instructions upon the weight of the evidence or assumed facts which are for the consideration of the jury are erroneous. 43 Ark. 289; 45 Ark. 165, 292; 49 *Id.* 165.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant Attorney General, for appellee.

1. Appellant waived the right to dismiss for want of a bond for costs. Such a motion is in abatement and must be *in limine*. 111 Ark. 51; 37 *Id.* 407; etc. No bond for costs was necessary. Kirby's Digest, § § 5463, 6388, 5590; 68 Ark. 248.

2. Kirby's Digest, § 5135, is a valid law.  72 Ark. 14; 105 *Id*. 462; 90 *Id*. 579, 589; 90 *Id*. 591; 24 L. R. A. (N. S.) 268, note; 149 N. C. 537; 50 So. 396; 156 Ala. 140; 47 So. 245; 114 Ark. 391, 392, 393; 93 Ark. 32; 99 *Id*. 149; 104 *Id*. 261.                      •

3. The trial court committed no error and the verdict was responsive to the evidence.  43 Ark. 367.  There is no error in the instructions.  64 Ark. 247; 21 *Id*. 357; 58 *Id*. 353; 109 *Id*. 130; *Ib*. 138.

WOOD, J.  Appellant was convicted before the mayor of Booneville of the offense of procuring alcohol for another in violation of section 5135 of Kirby's Digest. The city had no ordinance upon the subject, and the appellant was convicted under the above statute.

The bill of exceptions shows that "it was admitted by the attorney for the city that in the trial of the case below before the trial the defendant moved the court to dismiss the action for want of a bond for costs; * * * that no bond for costs was given, and that the motion of the defendant made in the mayor's court to dismiss the case for lack of a bond for costs was overruled; that the defendant thereupon renewed his motion in the circuit court to dismiss this prosecution for want of a bond for costs. The court overruled defendant's motion, and the defendant at the time saved his exceptions.

First.  The ground of the motion for a new trial is, that the court erred in overruling defendant's motion to dismiss the cause for want of a bond for costs, and this is likewise the first assignment of error urged for reversal of the judgment.  The statute provides that, "In all prosecutions in cases less than felonies in courts of justices of the peace and in other inferior courts, the prosecutor, or some person for him, shall enter into bond, with good and sufficient security, for the payment of all the costs which may accrue in said prosecution." Kirby's Digest § 2476.

(1)  Under this statute if the defendant moves to dismiss the case because no bond for costs has been filed,

and makes this motion before the trial, that is, before any affirmative steps have been taken to ascertain whether he is guilty or innocent of the crime charged, he will be entitled to have the case dismissed or the action against him abated unless the prosecutor, or some one for him, shall enter into bond for the payment of costs as the statute provides. This is a mandatory provision of the statute, and unless the defendant waives it by pleading not guilty or taking some other affirmative steps in the case before making the motion, then he is entitled to it, and if the motion is thus made in apt time it is the duty of the court before whom the prosecution is pending to require the bond to be executed. In case of a failure to execute the bond, under such conditions, the court should dismiss the cause. But where the bond is not executed and defendant fails to move to dismiss on that account *in limine,* or before he takes any other affirmative steps in the case, then he has waived his right under the statute and he can not at any time in the progress of the case avail himself of it. Such is the effect of our decisions. See *Mann* v. *State,* 37 Ark. 405; *State* v. *Parker,* 39 Ark. 174; *Laur* v. *State,* 94 Ark. 178; *Jones* v. *State,* 111 Ark. 51.

(2)   Here the record shows that the defendant, "before the trial moved to dismiss the action for want of a bond for costs." It thus appears that the first affirmative step taken by the defendant in the case was his motion to dismiss. This meets the requirement of the law, as held in *Jones* v. *State, supra,* and other cases, that matters in abatement must be raised *in limine,* or before any other affirmative steps are taken by the defendant in the cause.

The court therefore erred in overruling appellant's motion to dismiss, and in not requiring the bond as the statute provides.

Second. Appellant was convicted under an act entitled, "An Act to aid in the suppression of the illegal sale of intoxicating liquors," which provides: "It shall be unlawful for any person to either directly or indirectly procure or purchase for another any alcohol,

etc. * * * in any district or territory where the same is prohibited by law. Provided, this act shall not prohibit one person from buying for another from a licensed dealer.'' Section 2 of the act prescribes the penalty. Act 191, Acts of 1899, Kirby's Digest, § 5135.

(3)   It was the intention of the Legislature to make criminal that which was not so before the passage of the act; that is to directly or indirectly procure or purchase for another any alcohol, etc., in any territory where the sale of liquors is prohibited.

(4-5)   Where there is any ambiguity in the language of a statute, in order to ascertain the meaning of the Legislature the court will not only look to the language of the act itself, but may also look to the title of the act. Here the meaning of the Legislature is plain when all the language is considered, and the act is viewed as a whole in connection with the title.   By expressly prohibiting any one from procuring or purchasing for another the liquors named, the Legislature intended to aid in the suppression of the illegal sale.   The proviso was merely surplusage, and was obviously added to emphasize the idea that the act applied only to territory where the sale of the liquors named was prohibited and therefore illegal. The proviso did not render the act void.   For it is clear that the Legislature would have enacted the statute, and that it would have been a complete act, with the proviso eliminated.

This court has ruled that a defendant indicted under statutes making it unlawful to sell liquors, can not be convicted where the proof showed that he only purchased or aided the purchaser. *Woods v. State,* 114 Ark. 391; *Dale v. State,* 90 Ark. 579; *Fenix v. State,* 90 Ark. 589; *Whitmore v. State,* 72 Ark. 14; *Foster v. State,* 45 Ark. 361.

In such cases there would be a fatal variance between the charge and the proof.   Even if there were a statute prohibiting one from purchasing liquor for himself a defendant could not be convicted under such statute, if the charge and the proof was that he sold, but did not pur-

chase. But we have no statute making it unlawful for one to purchase whiskey.

In *Whitmore* v. *State*, 72 Ark 14, Judge Riddick, speaking for the court, said:

"The license is required of those who sell, not of those who buy and one may purchase, either for himself or another, all the whiskey in the State, and under our statute he commits no crime by making the purchase." But this language was used in a case where the defendant was indicted for the illegal sale of liquor, and where the proof was that the defendant bought liquor for others, from a licensed dealer in St. Louis. The language of the learned justice must be taken in connection with the facts. The court in this case and in all the cases cited and relied on by appellant did not have under review and was not called upon by the facts presented in those cases to pass upon the question as to whether the statute under consideration was a valid law. The court's attention was not directed to it, and if the language used in any of the decisions indicates that the statute now under consideration was not in existence and that it was not a valid statute, such language was obiter.

(6)   This court has never decided that Section 5135 of Kirby's Digest is not a valid enactment. But we hold now that it is. See also *Woods* v. *State, supra.*

Third.   The evidence was sufficient to sustain the verdict.

Fourth.   The instructions of the court as a whole contain no prejudicial error. However, the court in its fifth instruction should not have used this language, "notwithstanding you may not approve of and may condemn the conduct and actions of witnesses Holt and McNutt." The instruction was complete without this language, and this is not correct language in an instruction on the credibility of witnesses.

For the error in overruling appellant's motion to dismiss, the judgment is reversed and the cause is remanded with directions to sustain this motion unless the bond is executed.

KIRBY, J., dissents.