KEMP v. STATE.

Opinion delivered July 2, 1917.

LIQUOR—ILLEGAL SALE—DEFENDANT AS BUYER'S AGENT.—In a prosecution for the illegal sale of liquor by defendant to one W., under the evidence *held*, it was reversible error not to submit a requested instruction that defendant would not be guilty, if the jury found that he acted merely as W.'s agent.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

*Holland & Holland* and *Ben Cravens*, for appellant.

1. To give the State's testimony its strongest probative force, it fails to show appellant guilty. At most it shows him guilty of procuring. The testimony at least raised a question of fact for a jury and instruction No. 1 requested by defendant should have been given. No. 2, also asked, was improperly refused.

No. 6 for the State is clearly erroneous and misleading. 90 Ark. 587.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

1. The proof is ample to establish guilt under the law. Act 30, Acts 1915, § 2; 105 Ark. 462; *Williams* v. *State*, 129 Ark. 344.

2. There is no error in the instructions given or refused. The law applicable was most admirably stated in instruction 6. Every phase of the case was fully covered by Nos. 6 and 7.

McCULLOCH, C. J. Appellant is charged with the offense of selling intoxicating liquor, alleged to have been committed in the month of January, or early in February, of the present year. He was convicted in the trial below on the testimony of one Whybark to the effect that the witness applied to appellant on a street in the city of Fort Smith for a pint of whiskey, and that he gave appellant money for the price of the whiskey, and that appellant agreed to get it for him, and that he later found it in his

room at the place at which he had directed appellant to deliver.

There was little, if any, conflict between the testimony of Whybark and that of appellant himself. Their testimony coincided substantially as to what took place between them, but appellant went a little further in his testimony and told about getting the whiskey and delivering it at Whybark's room. Both of the men testified that Whybark accosted appellant near the latter's taxicab stand or office in Fort Smith, and asked appellant about getting some liquor, or if he knew where he could get some. Appellant replied that whiskey was a very scarce article, and Whybark then suggested that he had heard that a negro bootlegger was plying his illegal commerce around one of the railroad stations in the city of Fort Smith. Appellant agreed to procure a pint of whiskey for Whybark and accepted the sum of $1 from the latter to pay for it. Appellant testified that he made inquiry around the railroad station and learned that a negro named Williams was selling whiskey, and that he bought a pint of Williams and carried it to Whybark's room and left it there. He testified that he had no relations whatever with Williams and bought the whiskey purely as an accommodation for Whybark.

There were some suspicious circumstances in the case which would have warranted the jury in finding that appellant was interested in the sale, or that he was really the seller of the whiskey himself; or the jury might have found, on the other hand, that appellant acted purely as a matter of accommodation for Whybark, and accepted the money and bought the liquor for him without making himself in any manner an intermediary between the purchaser and the seller. Counsel for appellant asked the court to give the following instruction, among others, which the court refused to give:

"You are instructed that if the defendant, at the request of the prosecuting witness, and solely as the agent of the prosecuting witness and without having any interest in the sale of the liquor other than to procure the

liquor for the prosecuting witness, went to the party from whom the whiskey was purchased and with the money furnished him by Whybark, and without making any profit or having any pecuniary interest or other interest in the sale, purchased whiskey which he carried to Why-bark, as a matter solely to accommodate Whybark, and not for the purpose of procuring a purchaser for the whiskey, or to assist in any way the seller in making the sale, then you should acquit the defendant. The court tells you that an intermediary, as mentioned in these in-structions, is one who is employed to negotiate a matter between two parties and who for that reason is consid-ered as the mandatary of both."

We think the court should have given that instruc-tion in order to place before the jury appellant's conten-tion concerning the effect of the transaction between him and Whybark. The evidence was, as before stated, suffi-cient to warrant the jury in finding appellant guilty on the theory that he procured whiskey from some one else, and was in fact the seller in the transaction with Why-bark, but there was another view of the testimony which justified the finding that appellant did not act as the seller, nor as the agent of the seller, nor as an interme-diary between the seller and the purchaser.

The Attorney General relies, to sustain the ruling of the court, on the decision in *Bobo* v. *State,* 105 Ark. 462, and also the recent case of *Williams* v. *State,* 129 Ark. 344, but we do not think that the decisions in either of those cases sustain the ruling of the court in failing to give the instruction set out above. The instruction might not be a strictly accurate statement of law in a case where there was evidence tending to show that the accused person acted as an intermediary between the seller and the pur-chaser so as to become a participant in the sale itself. In this case there is, however, no circumstance, so far as concerns the procurement of the whiskey from the illicit vendor by appellant, which would justify the inference that appellant acted as an intermediary between the par-ties to the sale, or that his participation in the transac-

tion was a factor in bringing about the sale. On the contrary, the parties agreed that Whybark offered a suggestion to appellant as to the place where liquor could be obtained and merely requested appellant to go to the place and buy the whiskey for him; so, if that was all that was done, appellant was not such a participant in the sale as would make him a party to it.

Appellant was, as before stated, entitled to have that feature of the case submitted to the jury, and we think that it constituted reversible error for the court to refuse to do so. There was no such element in this case, so far as the testimony below shows, of appellant withholding the name of the party from whom the liquor was to be obtained, as was the fact in *Bobo* v. *State, supra,* nor was there any element of apparent community of interest between appellant and the party from whom the liquor was obtained, as in the *Bobo* case, so as to connect appellant with the vendor of the liquor and constitute him a necessary factor in the sale.

According to appellant's contention, he did nothing except to carry out the wishes of Whybark in taking the money and buying the liquor from a person at the locality suggested. For the error in refusing to give the instruction, the judgment is reversed and the cause remanded for a new trial.