## ANDERSON *v.* STATE.

## Opinion delivered November 12, 1923.

1. INTOXICATING LIQUORS—EVIDENCE.—Evidence *held* to warrant a finding that defendant was guilty of procuring intoxicating liquor for another.

2. INTOXICATING LIQUORS—INSTRUCTION.—Where defendant was accused of selling intoxicating liquor and also of procuring same for another, it was not error to refuse an instruction that defendant would not be guilty if he merely aided the purchaser in buying the liquor, as the instruction ignored the charge of procuring liquor for another.

3. CRIMINAL LAW—HARMLESS ERROR.—Where, in a prosecution for selling liquor and for procuring liquor for another, the verdict eliminated the charge of a sale, the rulings of the court must be tested solely in the light of the testimony and instructions of the court on the latter charge.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*John A. Hibbler* and *W. R. F. Paine,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. The appellant was indicted for the crime of selling intoxicating liquor, and also for the crime of procuring intoxicating liquor. He was tried for both offenses and convicted of the crime of procuring intoxicating liquor, and was fined in the sum of $500.

The testimony adduced by the State was to the effect that O. D. Knapp, a prohibition agent, had received information that appellant was selling whiskey. Knapp and another agent went over to appellant's barber shop in North Little Rock. Knapp went in and asked appellant if he could get some whiskey. Appellant said he didn't have any. Appellant and another negro were playing poker at a nickel ante. Knapp thought if he could get in the game with them he would gain appellant's confidence and get him to sell him some whiskey. Knapp got in the game and played two or three minutes, when the appellant asked him how much whiskey he wanted. Knapp told him that he wanted a pint. Appellant told

another negro to go somewhere and get the whiskey. Appellant asked Knapp about the money, and Knapp asked to whom he should give the money, and appellant replied that he was responsible for everything that happened in the shop. Knapp gave him a five-dollar bill. The negro he had told to get the whiskey went out and was gone a few minutes, and came back and said that he could not get any. Appellant then told another negro to get it. That negro went out and came back without it. Appellant took that negro and walked out, was gone about a minute, and came back with another negro right behind him, who set the whiskey down on the table. At first the appellant got mad when they didn't bring it in. When it was brought in one of the negroes took a drink. Appellant gave Knapp $2.50 out of the five-dollar bill. Knapp didn't see appellant give any of the negroes any of the money when they went out after the whiskey. Knapp gave the appellant the money, and appellant didn't give it to any of the negroes. Knapp had the whiskey analyzed by some of the government chemists, and it was moonshine whiskey. Knapp and some other officers made a search of appellant's premises that afternoon, and found sixteen empty pint bottles and a gallon jug that had contained whiskey, in drawers and other places. The large tall negro who brought in the whiskey was not there. Knapp asked the appellant the name of the negro, and appellant refused to tell, stating that it was his business; told Knapp that, if he wanted to know, to find out. They thereupon arrested the appellant.

Appellant testified in his own behalf, and his testimony as to the circumstances did not differ materially from the testimony of witnesses for the State, except that appellant stated that he told Knapp that he would send and get him some whiskey if he would tell appellant where to get it. Knapp put down a five-dollar bill and asked for change. Appellant put four one-dollar bills and two halves on the table, and the other negro reached for it and went out. When the whiskey came back that

Knapp had sent for, they took a drink. Appellant told Knapp that he would give him $1 for what he had left in the bottle. Knapp came back that afternoon and asked appellant for ''Big Boy.'' Appellant told him he didn't know where he was, and they then arrested appellant for selling whiskey. Knapp admitted there that he sent the fellow himself for the whiskey. Appellant stated that he did not see any empty bottles in his place. They stated that they had found empty bottles in the back. ''Big Boy'' brought in the whiskey. Appellant was not interested in him. Appellant wanted a drink, and ''Big Boy'' volunteered to go for it, after the first man couldn't get it.

The court instructed the jury on both counts of the indictment. The appellant excepted to the instructions of the court based on the charge of selling liquor, but, as the jury acquitted appellant of that charge, it is unnecessary to set out and comment on the instructions.

The appellant asked the court to instruct the jury as follows:

''No. 1.   The jury are instructed that one who assists in buying intoxicating liquors, and confines his participation in the transaction exclusively to the buying, and not to the selling, is not guilty of any offense. And if you find that the defendant acted solely as the agent or messenger of the purchaser, and did not in any manner assist the seller, if you find there was a sale, and that he had no pecuniary or other interest in the sale, he would not be guilty under the law, or, in other words, if the defendant's interest, if any, was solely in the purchase, and his efforts, if any, were directed solely to the buying or aiding in the purchase, if you find there was a purchase, then you will find him not guilty.''

The court refused the above prayer, and the appellant duly excepted to the ruling of the court.

The court, among other instructions, gave the following:

''No. 2.   Defendant is charged in the second count of the indictment with the offense of procuring liquor

for another, which is a misdemeanor, the punishment for which is a fine of not less than one hundred dollars nor more than five hundred dollars. If you find in this case that the defendant had nothing to do with the sale of liquor as principal or as agent, and got none of the proceeds of the sale, if any, and was not interested in the same except as a matter of accommodation for the purchaser, and acted solely and entirely for the pur-chaser, the witness Knapp, and did not in any way, either directly or indirectly, act as principal or agent of the seller, and was not interested in the sale of it, if you find this beyond a reasonable doubt, then convict him of the misdemeanor and fix the punishment as indicated.''

The appellant did not except to the giving of this instruction.

1.   The appellant contends that there was no evidence to sustain the verdict, but we are convinced that the testimony, as above set forth, was sufficient to warrant the jury in finding that appellant procured liquor for another.

2.   Appellant contends that the court erred in refusing his prayer for instruction No. 1, *supra,* and in granting instruction No. 2, *supra.* The court did not err in refusing to grant appellant's prayer. It was based on the theory that the transaction was the purchase and sale of liquor, and that, if appellant's efforts were directed solely to aiding the purchaser in buying, then the jury should find appellant not guilty. The vice of the instruction is that it confined the inquiry to the first count of the indictment. It ignored entirely the charge in the second count and the testimony which warranted a finding that the appellant procured whiskey for another. Besides, the court covered the theory advanced by the appellant in instruction No. 2. While this instruction was a peremptory instruction to find appellant guilty on the second count in the indictment, if the jury found that he had nothing to do with the

sale and did not in any way, either directly or indirectly, act as principal or agent of the seller, and was not interested in the sale, nevertheless appellant did not object to the instruction in this form. Appellant seemed to have grounded his defense solely on the notion that what he did was only as an accommodation or friendly assistance to Knapp as the purchaser, and not in any manner to aid the seller, and that therefore he was not guilty, relying on those cases wherein we hold that where one is charged with the crime of selling intoxicating liquor, he cannot be convicted where the proof only shows that he did not participate, and was not interested, in the sale, and took no part therein except to purchase for himself or to act solely for the buyer. *Foster* v. *State,* 45 Ark. 361.; *Whitmore* v. *State,* 72 Ark. 14; *Dale* v. *State,* 90 Ark. 579; *Phoenix* v. *State,* 90 Ark. 589; *Wood* v. *State,* 114 Ark. 391; *Payne* v. *State,* 124 Ark. 20; *Ellis* v. *State,* 133 Ark. 542; *Sneed* v. *State,* 134 Ark. 303. But the doctrine of those cases has no application whatever in a case like this, where the appellant is charged and convicted of the crime of unlawfully procuring and purchasing intoxicating liquor, under § 6163 of Crawford & Moses' Digest. The verdict of the jury has eliminated the charge of selling intoxicating liquor. Therefore the rulings of the court must be tested solely in the light of the testimony adduced and the instructions of the court on the charge of unlawfully procuring intoxicating liquor. When viewed in this light, we find no reversible error in any of the rulings of the trial court.

The judgment is affirmed.