FETTERS et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit.  August 4, 1919.  Rehearing Denied
October 14, 1919.)

No. 3309.

1. CRIMINAL LAW ⬅417(10)—SALE OF LIQUOR TO MEN IN UNIFORM—EVI-
DENCE.

On trial of a defendant for selling liquor to a member of the military
forces in uniform, the exclusion of testimony of defendant, who did not
personally take the order, that he was told by the person who took the
order that the liquor was ordered by, and was for, a woman, to whom he
charged it, *held* error.

2. CRIMINAL LAW ⬅37—DEFENSES—ENTRAPMENT.

That a seaman in uniform encouraged and incited a defendant to sell
him liquor for the purpose of obtaining evidence against him *held* not
to bar the prosecution, where the act was done because of prior com-
plaints of violation of the law by defendant.

Ross, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Northern
Division of the Northern District of California; William C. Van Fleet,
Judge.

Criminal prosecution by the United States against Emma Pell Fet-
ters and George Fetters.  Judgment of conviction, and defendants
bring error.  Reversed as to George Fetters, and affirmed as to his
codefendant.

W. F. Cowan, of Santa Rosa, Cal., and Bert Schlesinger, of San
Francisco, Cal., for plaintiff in error Emma Pell Fetters.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in
error George Fetters.

Annette Abbott Adams, U. S. Atty., and Frank M. Silva, Asst. U.
S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge.  Emma Pell Fetters and George Fetters,
called defendants, were convicted for violation of section 12 of the
act of May 18, 1917 (40 Stat. 82, c. 15 [Comp. St. 1918, § 2019a]),
known as the Selective Draft Act, for having unlawfully sold whisky
and champagne to a member of the military forces of the United States
while in uniform, one B. E. Cranfill, apprentice seaman, then and
there doing special duty for the Naval Intelligence Branch at San
Francisco.  By writ of error the case is brought to this court.

Fetters and his wife kept a hotel, dance hall, and barroom.  There
was evidence that, prior to the time laid in the indictment, numerous
complaints that liquor was sold to men in uniform were made to the
United States authorities and an investigation was ordered.  One night
ιn June, 1918, Cranfill, who was in uniform and in company with two
men and a Mrs. Lewis and Miss Hughes, went to the dance hall.  The
evidence of the prosecution tended to show that Cranfill asked Mrs.
Fetters if they could get some champagne; that Mrs. Fetter said she

would get it after the dance; that she brought champagne to the party; that Mrs. Lewis and Cranfill, who were co-operating as investigators, ordered champagne and beer; that afterwards she brought whisky; that Cranfill handed her the money for the champagne and a bottle of whisky; that George Fetters "stuck" his head in the door and made some motion to Mrs. Fetters; and that she went out and made a motion to Cranfill to come out, and then gave him the whisky at the corner on the outside of the dance hall, but that George Fetters was not then present.

[1] There was testimony to the effect that George Fetters, who, it is admitted, was not in the dance hall, had some communication with his wife, and that he gave her a package which subsequently turned out to be liquor. Mrs. Fetters did not testify. Fetters testified that he got the order for the liquor, wine, and beer from Mrs. Lewis, and that Mrs. Fetters told him in the barroom that Mrs. Lewis wanted the "stuff" packed in a box, and that he charged Mrs. Lewis for it all. Thereupon the court struck out the testimony "with reference to the whole thing," meaning, we take it, the statements of Mrs. Fetters to Fetters; the judge stating that he thought the witness was telling about Mrs. Lewis making application for the liquor and wine. Defendants' counsel objected to striking out the testimony, whereupon the court asked Fetters if all that he knew about the person the liquors "were ordered for was what Mrs. Fetters came and told" him. Fetters replied, "Yes." Thereupon the court struck out the testimony on that subject, and defendants' counsel saved an exception. Fetters said that a few days afterwards Mrs. Lewis promised to pay the bill.

Inasmuch as it was not contended that Fetters was present with Cranfill or the party at the time the liquors were ordered, the principal circumstances relied upon by the prosecution were that Mrs. Fetters went to the barroom and got a package from her husband, and that the package contained liquor. Fetters denied having sold liquor to men in uniform, and said that he had issued orders to his employés that no liquors were to be sold to men in uniform.

As against George Fetters we think it was prejudicial error to strike out his testimony as to what Mrs. Fetters told him when she went for the liquors. As the case developed, the effect of the ruling deprived him of his main defense, an honest belief on his part that the liquors were bought by order of Mrs. Lewis for her own use. Intrinsically the delivery of the liquors would have only an ambiguous significance, and he had a right to explain the transaction, and in so doing could testify to what was then and there said to him by the person who, according to his story, was the only one present when he packed or delivered the liquors. Whether such testimony was true or false is not for us to say; but that it was competent is clear to us. Tesney v. State, 77 Ala. 33.

The case against Mrs. Fetters is in a different attitude. She cannot predicate error upon the exclusion of the testimony of her husband as just referred to, because her intentions and honesty of belief in the transaction could not be proved by the testimony of her husband that

she told him the liquors were ordered by Mrs. Lewis. The jury could not be asked to believe as a fact that she was in good faith and acting at Mrs. Lewis' request, because her husband asserted she said she was ordering the liquor for Mrs. Lewis. If Mrs. Fetters had testified and made the assertion, it would be competent; but, as she did not testify, the rule of hearsay forbids the use of such testimonial evidence.

[2] Plaintiffs in error urge that the person named in the indictment, Cranfill, encouraged and incited defendants to commit the crime charged, and that they did the act complained of solely because of such encouragement, aiding, and assisting on the part of Cranfill. But the evidence discloses that there had been prior complaints against the Fetters because they were selling liquors to men in uniform, and that it was in the investigation based upon such complaints that the transactions involved in this case were had. The rule laid down in Woo Wai v. United States, 223 Fed. 412, 137 C. C. A. 604, and Sam Yick v. United States, 240 Fed. 60, 153 C. C. A. 96, is therefore not applicable. Moreover, in the instructions to the jury the court fully covered the question of inducement.

One of the witnesses called by the defendants testified, among other things, that she was the wife of one of the party and drank with the others. On cross-examination counsel for the government was permitted to inquire into the circumstances of the marriage of the witness in 1902, whether she had been divorced from a prior husband, and whether she had had any children by a former husband. Defendant objected, but the court overruled the objection, because the evidence had a bearing upon the question of the character of the witness. While we think that the examination was carried too far, still as the answers of the witness were clear and without evasion, and in no way reflected upon her character for truthfulness, and no attempt was made to contradict her statements upon the matters objected to, there is no reason to believe that the rights of the defendant were prejudiced.

The instructions were fair, and sufficiently covered the issues in the case.

As against Emma Pell Fetters, the judgment must be affirmed. As against George Fetters, it is reversed, and the cause remanded, with directions to grant him a new trial.

ROSS, Circuit Judge, concurs in the reversal of the judgment as to plaintiff in error George Fetters, and dissents from its affirmance against the plaintiff in error Emma Pell Fetters.