## Webb v. State.

### Opinion delivered October 3, 1921.

1. CRIMINAL LAW—HARMLESS ERROR.—No prejudice can result to a defendant by reason of being convicted of a lower degree of homicide than is warranted by the evidence.

2. HOMICIDE—IMPLIED MALICE.—The law implies malice where one purposely kills another with a deadly weapon without provocation.

3. CRIMINAL LAW—EXCLUSION OF EVIDENCE—MATERIALITY.—Error in the exclusion of testimony will not be considered on appeal, in the absence of a showing as to what the excluded testimony would have been.

4. CRIMINAL LAW—INSTRUCTIONS CONSTRUED AS A WHOLE.—Where there is no conflict between the instructions given, it is proper to read them together to ascertain whether the law in the case is correctly declared.

Appeal from Jefferson Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*James B. Gray, Caldwell, Triplett & Ross,* and *Nixon, Levine & Nixon,* for appellant.

The verdict of murder in second degree is without evidence to sustain it, as it was based on mere supposition or guess. 56 Ark. 8; 49 Ark. 364.

Malice, express or implied, must be proved, and the absence of proof on that point is basis for reversal where there is a conviction of murder in the second degree. 141 Ark. 57. No presumption of malice where the killing is shown to have been necessary, and none of the circumstances manifest a wicked or abandoned dispo-

sition. 82 Ark. 545. Proof of killing does not make out the offense of murder nor supply proof of malice, when circumstances of mitigation appear. 38 Ark. 221.

Evidence of previous difficulty between the deceased and Nick Webb, communicated threats, etc., should have been admitted on the trial of this defendant, as his guilt hung on that of his brother Nick. 58 Ark. 235.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Appellant can not complain of the action of the jury in convicting him of a lesser degree of homicide than the evidence warranted. 113 Ark. 301; 68 Ark. 310; 37 Ark. 433; 133 Ark. 373.

The law presumes malice from an unexplained attempt to take life. 82 Ark. 540; 96 Ark. 52. Or in the sudden killing of one without provocation. 25 Ark. 405; 70 Ark. 272, 278.

The alleged error in excluding the testimony of Nick Webb will not be considered on appeal because appellant did not offer to show what the answers to the questions propounded would have been. 88 Ark. 562; 87 Ark. 123; 133 Ark. 599.

Instructions 10 and 11 were not bad because they failed to embody all the law of the case, for appellant's contention was covered in other instructions. 88 Ark. 433. Several instructions upon the same subject-matter must be taken together as a whole. 48 Ark. 396; 133 Ark. 206.

HUMPHREYS, J. Appellant was indicted and tried in the Jefferson Circuit Court for murder in the first degree for shooting and killing one King Waters, found guilty of murder in the second degree, and as a punishment therefor sentenced to serve a period of twenty-one years in the State penitentiary, from which judgment and sentence an appeal has been duly prosecuted to this court.

Appellant's first insistence is that the evidence on behalf of the State tended to establish murder in the first degree, and that adduced on behalf of appellant tended

to establish a justifiable homicide, and, for that reason, the evidence is insufficient to support a verdict for murder in the second degree. This court is committed to the doctrine that no prejudice can result to a defendant if convicted of a lower degree of homicide than warranted by the evidence. *Allen* v. *State,* 37 Ark. 433; *Bruce* v. *State,* 68 Ark. 310; *McGough* v. *State,* 113 Ark. 301; *Lasater* v. *State,* 133 Ark. 373. If, therefore, the evidence is sufficient to support a verdict for murder in the first degree against appellant, he can not complain because a verdict of murder in the second degree was returned against him.

It is admitted by appellant and his brother that he and his brother, Nick Webb, shot King Waters, their tenant, in a field being cultivated by him; that they shot him in the legs; that he, appellant, fired only one shot with a pistol, 32-caliber, which at the time contained nine cartridges, and his brother one shot with a pump gun; that his brother had about a half box of shells with him, a part of which was loaded with buckshot; that, at the time they fired the shots, they were standing near a thicket, and the deceased, King Waters, had approached them to a point about 75 yards distant; that Waters grabbed his knees and began to stagger around; that neither waited to see the result, but passed through the thicket and to their car, which had been left at their father's, and then went home and telephoned to the officers at Pine Bluff; that Nick Webb and King Waters had a difficulty the day before the tragedy occurred, of which appellant had been informed; that the difficulty was discussed just before starting to that part of their farm cultivated by Berry Webb which adjoined that part cultivated by King Waters. The evidence on the part of the State tended to show that King Waters was shot down while examining a piece of wet land to ascertain whether it was dry enough to plow; that he stated several times during the short time he survived that he did not see or know who fired upon him; that three shots

were heard, two being from a pistol and one from a shot-gun; that eleven shot entered Waters' body between his knees and groins—the two highest being larger than the others, the highest entering the groin and supposed to be the fatal shot, as it severed an artery; that, after being shot, Waters staggered around considerably before falling; that his pistol, which he carried in a scabbard, was found on the ground near him with loads in every chamber; that, upon examination, a place in the thicket was observed where some one had apparently stood and whittled, and at or near which an empty 32 pistol shell was found.

The testimony adduced on behalf of appellant tended to show that they took the loaded weapons along with them on the visit to the farm on account of the difficulty the day before and for protection in case an attack was made by King Waters upon Nick Webb; that, in passing around the thicket on the side of the field cultivated by Waters, *en route* to that part of the land cultivated by Berry Webb, they were discovered by Waters, who immediately advanced upon them with drawn pistol, cursing and abusing them, and, when ordered to stop, instead of doing so, fired upon them, when a shot was fired by each in succession in necessary self-defense.

If the evidence introduced by the State was believed by the jury, it was sufficient to sustain a verdict for murder in the first degree. If, however, the jury disregarded the State's evidence tending to establish an assassination, they were not necessarily driven, under the evidence in this case, to the conclusion that the homicide was justifiable. The jury may have believed that part of appellant's testimony to the effect that they were walking around the thicket and were in plain view at the time the fatal shot or shots were fired, and yet may have concluded that the killing was unnecessary. They might well have argued that, on account of leaving the scene of the tragedy immediately, appellant and his brother had fired upon Waters, without sufficient provocation or justification,

for, had they fired in necessary self-defense, in all proba-
bility they would have remained to assist the wounded
man or to have explained the details of the tragedy to the
first who might appear on the scene. In this event, malice,
a necessary essential in second degree murder, would
arise by implication from the manner and circumstances
of the killing. The law implies malice where one pur-
posely kills another with a deadly weapon without provo-
cation. *McAdams* v. *State,* 25 Ark. 405; *Vance* v. *State,*
70 Ark. 272.

In the course of the trial, over the objection and ex-
ception of appellant, the court refused to permit Nick
Webb to testify concerning the trouble which occurred
between him and King Waters the day before the tragedy.
He was permitted to state that they had a difficulty, and
that he communicated this fact to his brother, but was
not permitted to go into details concerning it. Appel-
lant insists that the court erred in excluding this evidence,
because, under the theory of the State that he was pres-
ent, aiding and abetting, or present and ready and con-
senting to aid and abet Nick Webb, he was entitled
to have all facts go to the jury in mitigation or exculpa-
tion of Nick Webb. If this contention were true, the case
could not be reversed in the state of this record on that
account, for the reason that the record fails to show what
his brother would have said concerning the details of the
trouble if permitted to prove them. Unless the excluded
testimony of a witness is offered and set out in the rec-
ord, it is impossible to determine its materiality to the
issue involved. This court said in the case of *National
Life & Accident Ins. Co.* v. *Henderson,* 133 Ark. 599,
that "objection to the exclusion of testimony would not
be considered on appeal, in the absence of showing what
the testimony would have been." The same announce-
ment was made in *St. L. S. W. Ry. Co.* v. *Myzell,* 87 Ark.
123, and *Boland* v. *Stanley,* 88 Ark. 562.

Appellant insists that instructions numbered 10 and
11, given by the court, as to the necessity of an accused
to do all in his power to avoid a killing or to avert the

necessity therefor before resorting to force in his own defense, are fatally defective, because they did not define the test by which an accused may determine the danger and necessity for acting. It is true this phase of the law of self-defense was not included in the instructions referred to, but was thoroughly covered in the instruction numbered 5, requested by appellant and given by the court. There was no conflict between instruction No. 5 and the two instructions given by the court. Where there is no conflict between instructions, it is proper to read them together to ascertain whether the whole law in the case is correctly declared. *Ward* v. *Blackwood,* 48 Ark. 396; *Burke* v. *Sharp,* 88 Ark. 433; *Yellow Rose Mining Co.* v. *Strait,* 133 Ark. 206.

No error appearing, the judgment is affirmed.