## BRYANT *v.* STATE.

## Opinion delivered January 22, 1923.

1. INTOXICATING LIQUORS—PARTICIPATING AS INTERMEDIARY IN SALE. —In a prosecution for selling intoxicating liquor, where defendant told the purchaser that he had found a person from whom he could procure whiskey and was given money by the purchaser with which to buy it, and did so, defendant became a necessary factor and participant in the sale on account of being an intermediary between seller and purchaser without disclosing the seller's name to the purchaser.

2. CRIMINAL LAW—INSTRUCTION ON CREDIBILITY. OF WITNESS.—In a criminal prosecution where there was a conflict between the testimony of defendant and of the prosecuting witnesses, an instruction on the credibility of witnesses was justified.

3. CRIMINAL LAW—INSTRUCTION ON CREDIBILITY OF WITNESSES.— An instruction that the jury are the sole judges of the credibility of witnesses and that if any witnesses have sworn falsely to material facts they may disbelieve their whole testimony if believed to be false, or believe that part which they think true and disbelieve that part which they regard to be false *held* correct.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*James Davidson* and *Holland & Holland,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted at the October, 1922, term of the Sebastian Circuit Court, Fort Smith District, for selling intoxicating liquor, and, as punishment therefor, sentenced to serve a term of one year in the State Penitentiary. From the judgment of conviction appeal has been duly prosecuted to this court.

Appellant's first insistence for reversal is that the undisputed testimony disclosed that he acted as agent of the purchaser, and not as agent of the vendor of the whiskey. This court, in the case of *Wilson* v. *State,* 124 Ark. 477, ruled that one was not guilty of selling or being interested in the sale of intoxicating liquor, who

acted solely as agent for the purchaser. We cannot agree that the undisputed testimony in the instant case brings appellant within the rule announced in *Wilson v. State, supra.* It is true, appellant testified that he was requested and directed by Sam Moore to go and purchase one quart of whiskey from Will Lewis, who kept a boarding house at 523 Belle Avenue in the city of Fort Smith, for him, and that he gave him six dollars with which to purchase same; that, in obedience to his request, he purchased the whiskey from Will Lewis and delivered it to Moore at an appointed place; that he received nothing out of the transaction, but, on the contrary, paid the entire amount to Lewis for the whiskey; that he delivered the package to Moore in exactly the condition he received it. Sam Moore, however, testified that he inquired of appellant if he knew where he could purchase some liquor; that appellant told him he did not; that appellant left his car with him to be repaired, and returned in a short time, stating that he had found a "guy" from whom he could purchase some whiskey, whereupon he asked him what it would cost; that appellant replied, six dollars a quart; that he gave appellant six dollars with which to buy a quart, and requested that he meet him at the city scales with it; that a short time thereafter they met at the city scales, and appellant handed him the whiskey. Under the rule announced in the case of *Bobo* v. *State,* 105 Ark. 462, and approved in the case of *Williams* v. *State,* 129 Ark. 344, the testimony of Moore made appellant a necessary factor and participant in the sale of the liquor, on account of becoming an intermediary between the seller and the purchaser without disclosing the name of the seller to the purchaser.

Appellant's next insistence for reversal is, that the court erred in giving instructions numbers 1-B and 1-C. Substantially the same instructions were given in the similar cases of *Williams* v. *State, supra,* and *Dean* v. *State,* 130 Ark. 326, which were approved by this court.

·The instructions correctly declared the law applicable to the case.

Appellant's next insistence for reversal is that the court erred in giving the following instruction:

"You are the sole judges of the credibility of the witnesses and the weight that should be given their testimony. It is your duty to reconcile the statements of these different witnesses so as to believe as much of this testimony as you can, but, if you cannot do so, on account of contradictions, then you have the right to believe the witnesses whom you think most worthy of credit, and disbelieve the witnesses whom you believe, from the evidence, to be least worthy of credit. And if you find any witnesses have sworn falsely to any material facts in this case, you may disbelieve their whole testimony, if you believe it to be false, or believe that part which you think to be true, and disbelieve that part which you regard to be false. And, in weighing a witness' testimony, you may take into consideration his candor or lack of candor, his knowledge about the things he testifies, the reasonableness or unreasonableness of his testimony, and his interest, if any be shown, in the result of your verdict."

It is said no witness was impeached, and for that reason the instruction was abstract. It was not abstract. The conflict in the testimony of appellant and the prosecuting witness, as well as other conflicts appearing in the testimony, justified the instruction.

It is also said that the instruction authorized the jury to disregard the entire testimony of a witness, whether it believed the testimony false or not, if it believed the witness testified falsely to any material facts. The instruction is not open to that criticism. When correctly construed, the instruction means that the jury was empowered to disregard the entire testimony of a witness if it believed the entire testimony false.

Appellant's next and last insistence is that the court instructed the jury after the case had been argued. It

is unnecessary to discuss or determine this alleged error, as the record reflects that the instructions were given before the arguments were made.

No error appearing, the judgment is affirmed.