## METCALF v. STATE.

Opinion delivered May 28, 1923.

1. INTOXICATING LIQUORS—INSTRUCTION.—In a prosecution for selling intoxicating liquor, an instruction that if the jury believe that accused was not interested in the sale, but was merely acting as the agent of the purchaser, he would not be guilty. *held* more favorable than accused was entitled to, and not **prejudicial**.

2. INTOXICATING LIQUORS—SALE—EVIDENCE.—Testimony that defendant, being requested to purchase whisky for another, did so with-

out disclosing the identity of the vendor, will sustain a conviction of selling liquor.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; affirmed.

No brief for appellant.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

The testimony is sufficient to support the verdict under instructions more favorable to appellant than he was entitled to.   105 Ark. 402; 129 Ark. 344; 130 Ark. 326.

WOOD, J.   This is an appeal from a judgment sentencing the appellant to imprisonment in the State Penitentiary for one year.   The appellant was tried and convicted on an indictment which, in proper form, charged him with the crime of selling intoxicating liquors.

B. T. Murphy testified that in the latter part of the year 1922 he was engaged in the mercantile business at DeQueen, Sevier County, Arkansas.   He bought a gallon of whiskey from the appellant.   He paid him in cash the sum of $2 and traded him merchandise in the sum of $4. Witness asked appellant if he could find him any whiskey to bring him a gallon; that his wife was sick and he needed it. Appellant said he didn't have any, but thought he could get some.   Witness afterwards found the whiskey back in the store in a box; didn't know how it got there.   Appellant told witness it cost $6, and witness paid him that amount, as stated above, in money and merchandise.

The appellant testified that Murphy asked him to get some whiskey for his wife, and he told Murphy that he would look around and see if he could get it.   On the Saturday before appellant was arrested he was in a wagon-yard in DeQueen and there he met a man from Oklahoma by the name of McIver.   He spoke of having some whiskey.   Appellant handed him $6 and asked him to deliver the whiskey to Murphy.   Appellant afterwards asked Murphy if he had received it, and Murphy replied

that he had not. Witness told Murphy that he had sent a gallon up there and supposed it was in the back of the store. They went back and found it there in a box. Murphy paid appellant $2 and appellant took the balance of $4 in trade in the store. Appellant didn't make any profit in the transaction.

The court instructed the jury, among other things, that if they believed from the evidence that the appellant was not interested in the sale of the liquor, but that he was acting merely as the agent of Murphy, the purchaser, he would not be guilty, and that, if they should so find, they should acquit him. The instruction of the court was more favorable to the appellant than he was entitled to, under the testimony. *Bobo* v. *State,* 105 Ark. 462; *Williams* v. *State,* 129 Ark. 344; *Bryant* v. *State,* 156 Ark. 580.

There was no prejudicial error in the instructions, and there was testimony to sustain the verdict. The judgment is therefore correct, and it is affirmed.