WHITTINGTON v. STATE.

Opinion delivered October 1, 1923.

1. CRIMINAL LAW—ENTRAPMENT BY OFFICER.—The fact that a purchase of intoxicating liquors was induced by an officer for the purpose of prosecuting the seller constitutes no defense.

2. INTOXICATING LIQUORS—PURCHASE BY AGENT—INSTRUCTION.—Where defendant, in answer to an inquiry, stated that he had no whiskey but that he could get some, and did procure it from another, and there was testimony that he was not in any way interested in the sale, and that the whiskey was procured solely as an accommodation to the buyer, it was error to refuse to instruct the jury that, if defendant was acting as the agent of the buyer, and not of the seller, then defendant was not guilty.

3. CRIMINAL LAW—FELONY—DIRECTION OF VERDICT.—As selling liquor is a felony, it was error to direct a verdict of guilty against defendant.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; reversed.

*T. S. Osborne*, for appellant.

The evidence in this case clearly shows that the design and purpose originated and was suggested by the officer, with the aid of Jack McClung, to lay a "trap" and "inveigle somebody into selling liquor." A defendant cannot be convicted of a crime when he was incited and induced to commit it by a government officer for his entrapment. 253 Fed. 863; 240 Fed. 60; 153 C. C. A. 96; 223 Fed. 412; 137 C. C. A. 604; 12 Cyc. 160.

*J. S. Utley*, Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose*, Assistants, for appellee.

The Federal cases cited by appellant are not applicable, and should not be considered. It is a violation of the law for any one to sell or be interested in the sale of intoxicating liquors. C. & M. Digest, § 6160. The *sale* is the only requisite to constitute the crime under the statute. 149 Ark. 643; 149 Ark. 648.

HART, J. Charles Whittington was tried in the circuit court before a jury on the charge of selling intoxicating liquors in violation of the statute. The jury

returned a verdict of guilty, and fixed his punishment at one year in the State Penitentiary. The defendant has duly prosecuted an appeal to this court.

The conviction was secured on the testimony of H. B. Patterson, a deputy sheriff. According to his testimony, a taxicab driver, named McClung, purchased some whiskey from Charles Whittington in the city of Fort Smith, Sebastian County, Ark., on the night of March 4, 1923. Patterson was present and saw the whole transaction. Patterson and McClung drove down on Ninth Street to where Whittington was. McClung asked Whittington if he had any whiskey, and Whittington replied "No." McClung asked him if he could get him some, and Whittington said "Yes." Whittington asked McClung who was in the car with him. McClung replied "Look at him, he is all right." He told the negro that he was rooming at the Goldman Hotel, and he looked at him and said, "He is all right." He then asked McClung how much whiskey he wanted, and McClung told him. In fifteen or twenty minutes the negro returned with the whiskey, and said it was worth $6. McClung paid the defendant for the whiskey and received it from the defendant.

The deputy sheriff had been informed that whiskey was being sold in the neighborhood in question, and he procured McClung to go down there and buy the whiskey in order to catch the person or persons who were selling it. The defendant admitted that he went and got the whiskey for McClung and delivered it to him, but says that he was arrested by the officer before he was paid by McClung for the whiskey. He denied that he was engaged in the business of selling intoxicating liquors, and said that he purchased the liquor from another negro solely as an accommodation to McClung, and that he had no interest whatever in the sale of the whiskey. He had never bought any whiskey from the negro before. He admitted that, a few days before, the negro who had sold him the whiskey in question for McClung told him that he was engaged in the business of selling intoxicating liquors.

It is urged as a defense to the prosecution that the liquor was purchased by McClung for the deputy sheriff for the very purpose of having the defendant prosecuted for its sale, and that the court erred in not instructing the jury, at the request of the defendant, that, if the liquor was procured for the purpose of supporting the prosecution under the circumstances detailed by the deputy sheriff, the defendant was entrapped into making the sale, and was not guilty of a violation of the statute.

There has been much discussion as to the relation of detectives to crime and the effect of officers hiring them to induce or solicit the commission of a crime. There is a clear distinction between inducing a person to do an unlawful act for the purpose of prosecuting him, where the consent of the prosecuting witness is a necessary element of the offense, and catching the offender in the execution of a criminal design of his own conception.

In certain crimes relating to person or property, consent is a necessary element of the offense, and, where the accused is lured into the commission of such a crime for the very purpose of prosecuting him therefor, there are well considered cases holding that no conviction may be had. Prosecutions under the liquor laws do not fall within this class of cases. The sale of intoxicating liquor contrary to the statute depends, after all, upon the voluntary act of the person selling the liquor. The fact that an officer of the law procured a detective or other person to purchase the liquor for the purpose of convicting the defendant can make no difference, since an officer cannot, by consenting to the sale, justify the illegal act of selling on the part of the defendant, any more than could the consent of any private person justify the sale.

The mode adopted by the officer in this case to bring to light the fact that the defendant was selling intoxicating liquors had no necessary connection with his violation of the law. The defendant exercised his own volition in the matter, independent of all outside influence or control.

In a case note to 18 A. L. R, at p. 162, the defense of entrapment in a prosecution for selling intoxicating liquors is discussed, and it is said that the great weight of authority supports the view that a person making an unlawful sale of intoxicating liquors is not excused from criminality by the fact that the sale is induced for the purpose of prosecuting the seller. Many cases are cited from the various courts of last resort and from the Circuit Court of Appeals of the United States, and most of them sustain the annotator. *Goldstein* v. *United States,* 256 Fed. 813; *Fetters* v. *United States,* 260 Fed. 142, certiorari denied in 1919, 251 U. S. 554; *Borck* v. *State,* (Ala.) 39 So. 580; *Duff* v. *State* (Ariz.), 171 Pac. 133; *Evanston* v. *Meyers* (Ill.), 50 N. E. 204; *Com.* v. *Graves,* 97 Mass. 114; *People* v. *Everts* (Mich.), 70 N. W. 430; *State* v. *Gibbs* (Minn.), 25 L. R. A. (N. S.), 449; *State* v. *O'Brien* (Mont.), 10 Ann. Cas. 1006; *State* v. *Smith,* (N. C.), 30 L. R. A. (N. S.) 946; *DeGraff* v. *State* (Okla.), 103 Pac. 538; and *Tripp* v. *Flanigan,* 10. R. I. 128.

Our own decisions bearing on the question are in harmony with the authorities just cited.

In *Springer* v. *State,* 129 Ark. 106, the court held that, in a prosecution for the illegal sale of liquor, the purchaser is not an accomplice of the seller, and his testimony does not require corroboration to sustain a conviction.

Again, in *McNeil* v. *State,* 125 Ark. 47, the court recognized that the offense of selling liquor had been raised to the grade of a felony, but said that it is still not an offense against the person or property of an individual, and that the gist of the offense consists in selling the liquor.

Of course the testimony, while admissible, is to be weighed by the jury in the light of the facts in the same manner as other facts or circumstances which might affect the credibility of the witnesses. Therefore the court did not err in refusing to submit to the jury the defense of entrapment as requested by the defendant.

It is next contended that the court erred in refusing to give instruction No. 4, requested by the defendant, and in this contention we think counsel is correct. The instruction is as follows:

"If you find from the evidence that the defendant was acting as the agent of the buyer and not the seller, then you should find the defendant not guilty."

As we have already seen, the crime of selling intoxicating liquors is now a felony, and for that reason it is error to direct a verdict of guilty against the defendant. *Snead* v. *State,* 134 Ark. 303. In that case it was held that, where the defendant was charged with the illegal sale of liquor, and there was evidence that he may have acted merely as a messenger for the buyer, his guilt or innocence is a question for the jury.

Again, in *Ellis* v. *State,* 133 Ark. 540, the court held that the test of criminal responsibility by an intermediary in the purchase and sale of liquor is whether the intermediary, in good faith, acted only for the buyer in the purchase of the liquor, or merely pretended to act for the buyer as a subterfuge to evade the law. The court said that the accused had a right to have an instruction covering his defense, and that it was reversible error to refuse to give such an instruction. The guilt or innocence of the defendant depends upon whether or not he, in good faith, acted only for McClung in the purchase of the whiskey or merely pretended to buy it for him as a subterfuge to evade the law.

The court did not submit the theory of the defendant in any instruction given by it. Consequently it was error to refuse to give the instruction requested by the defendant. The defendant testified positively that he had not been in any manner interested in the sale of intoxicating liquors, and only procured the whiskey in question for McClung as an accommodation to him. The mere fact that the negro from whom the defendant says he got the whiskey in question had told him a few days before that he was engaged in selling whiskey did not, as a

matter of law, make the defendant his agent and deprive him of his defense that he, in good faith, acted for the buyer in buying the whiskey, and had no interest whatever in the sale of it.

For the error in refusing to give instruction No. 4 as requested by the defendant, the judgment must be reversed, and the cause will be remanded for a new trial.

McCULLOCH, C. J. (dissenting). I am unable to agree with the conclusion reached by the majority in this case, for the reason that it appears to me in direct conflict with several other decision of the court on this subject, which should either be followed or overruled. I refer particularly to the case of *Bobo* v. *State,* 105 Ark. 462. In that case the court sustained the conviction of Bobo on proof of a transaction with one Mulkey. Bobo admitted that he received money from Mulkey and delivered the whiskey to him, but he testified that he only acted as agent for Mulkey in purchasing the liquor, that he had no interest in the sale, and that he purchased it for Mulkey from one Russell. He admitted, however, that Russell was not known to Mulkey and that he did not disclose to Mulkey the identity of Russell as the seller. In the trial below, Bobo claimed the right to go to the jury on the issue whether or not he was a mere agent of the purchaser, or whether he sold the liquor himself to Mulkey. The trial court refused to send the case to the jury, and directed a verdict against Bobo. This court affirmed the judgment, on the ground that Bobo's own testimony showed that, by reason of his failure to disclose the identity of Russell, the seller, he was a necessary participant in the sale, and was guilty as principal. In disposing of the case, the court said: "Under the facts of the present case the defendant Bobo aided Russell in making the sale of the whiskey to Mulkey, and thereby became a principal in the offense. Mulkey did not know that Russell was engaged in the illegal sale of whiskey. He came into the restaurant where

Bobo was working and asked him if he could get him any whiskey, and gave him money to pay for it with. Bobo went out and got the whiskey from Russell, and came back and delivered it to Mulkey. * * * While Bobo says he procured the liquor from Russell at the request of Mulkey, with money furnished by him for the purpose, still he admits that Russell was not known to the buyer, and had told him that he had liquor for him whenever he wanted it. This shows that Bobo was a necessary factor in making the sale, and that he acted for the seller as well as the buyer, and, as such intermediary, he was interested in the sale of the liquor, within the rule announced in the case of *Dale* v. *State, supra,* and became thereby a principal offender."

The Bobo case has been followed by this court in several decisions rendered since that time. *Williams* v. *State,* 129 Ark. 344; *Dean* v. *State,* 130 Ark. 322; *Bryant* v. *State,* 156 Ark. 580; *Metcalf* v. *State,* 159 Ark. 349.

The facts in the present case, as correctly set out in the opinion of the majority, make it identical in all. essential particulars, so far as concerns the question of error in the trial below, with the Bobo case. Appellant admits, in other words, that he procured liquor for the State's witnesses at their request, that he obtained it from a certain negro, who, a few days before, had told him that he was engaged in the business of selling intoxicating liquors, and he admits that he did not disclose the name or identity of the seller to the persons for whom he obtained the liquor. He denied that he actually delivered the liquor to the State's witnesses, but this issue was settled by the verdict of the jury against him, and that question has nothing to do with the correctness of appellant's refused instruction, by which it was sought to submit the question of agency. When the Bobo case was decided, the offense of selling liquor without a license was a misdemeanor, and the court had the power to direct a verdict against the accused, which would be improper now, because of the fact that selling

liquor is a felony now. But that difference in the cases has no bearing here, for the reason that the court did not give a directed verdict; it merely refused to give this instruction on the question of agency, for the reason that the undisputed testimony showed that appellant, if he delivered the liquor at all to the State's witnesses, obtained the liquor, according to his own confession, under circumstances which, under the doctrine of the Bobo case, made him a participant in the crime.

It is a familiar rule in our decisions that in felony cases, as well as in all other trials, the instructions of the court should be confined to such issues that find some support in the testimony, and that abstract instructions should not be given. We have frequently decided that, even in a homicide case, it is not error to refuse to give an instruction upon a degree of the crime about which there is no testimony. The court submitted all of the issues in this case upon which there was any testimony. The instructions were even more favorable to appellant than he was entitled to, for an instruction was given which told the jury that "where the intermediary between the purchaser and seller is a necessary factor, without whose assistance the sale of liquor could not have been consummated, he is interested in the sale in the sense of the law." *Williams* v. *State, supra*; *Metcalf* v. *State, supra.*

The cases cited by the majority do not, I think, sustain them. In the Ellis case the accused did not admit, and it was not shown, that he knew beforehand where he could get the liquor or who he would get it from; he merely testified that he received the money from Beard to purchase liquor for the latter, and that, when he went out in search of it, he found a man who sold it to him, and that he bought it and took it back to Beard. He testified that he had never seen the person he bought the liquor from before that transaction. According to the testimony of the accused in that case, there was no element involved of his own participation

in the sale, and he was therefore entitled to go to the jury on the question of agency. In the Sneed case it was held to be error to give a directed verdict, and that the instruction of the court was, in effect, peremptory.

I dissent therefore from the conclusion of the majority, and am authorized to say that Mr. Justice HUMPHREYS joins me in this opinion.