HEAD v. STATE.

4700                        252 S. W. 2d 617

Opinion delivered November 17, 1952.

*George F. Edwardes,* for appellant.

*Ike Murry,* Attorney General and *Dowell Anders,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J.   The appellant was convicted below of assault with intent to kill and was sentenced to imprisonment for ten years.   The evidence showed that the accused, in the course of an unprovoked attack upon Boyd Handsbro, a complete stranger, inflicted seven separate knife wounds.

For reversal it is argued that the accused was prejudiced by improper closing argument on the part of the prosecuting attorney.   The record discloses that during this argument the prosecuting attorney said to the jury, "Let's send him back," and then changed his statement and said, "Send him to the pen."   Counsel for the defense asked for a mistrial, on the ground that the prosecution had implied that the accused had been confined in a penal institution, but the court declined to rule upon the request and did not declare a mistrial.

This record does not show the court to have been in error.   The settled rule that the trial judge has wide discretion in controlling the argument of counsel is based upon the trial court's superior opportunity of deciding whether the jury may have been misled.   Here the two remarks complained of do not necessarily suggest that the accused had previously been in a penitentiary—a suggestion that is unsupported by anything else in the record.   There is evidence only that Head had been committed to the State Hospital for an examination, insanity being the chief defense.   Whether the prosecuting attorney's statements carried the implication of former imprisonment depends upon the tenor of the argument

immediately preceding these remarks, upon the lapse of time between the statements, and especially upon the tone of voice and inflection that were used. We have no information whatever about these matters, while the trial judge heard the argument at firsthand and was in a position to know whether there was a possibility of prejudice. In overruling the motion for a new trial he stated that he had listened attentively to the argument and that in his opinion there was nothing of any nature to imply that the defendant had been in the penitentiary. In these circumstances no manifest abuse of discretion is shown. *Wilson* v. *State,* 126 Ark. 354, 190 S. W. 441.

Affirmed.