SMALL PETERS, III *v.* THE STATE OF ARKANSAS

5451                                    450 S. W. 2d 276

Opinion delivered February 23, 1970

*Theodore Lamb,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. We reverse appellant's conviction of the crime of possession of marijuana alleged to have been committed on September 26, 1968, because of the refusal of the circuit judge to give appellant's requested instruction on the defense of entrapment. The state does not contend that the proffered instruction was incorrect. It only contends that there was no evidence to warrant the giving of the instruction. We disagree with this argument.

The evidence showed that on September 25, 1968, Special Agent Bramwell of the Federal Bureau of Narcotics Control went to the commercial art studio on Scott Street in Little Rock, occupied by appellant, at the invitation of Lucy Brown, who had been invited, along with Michael Gruiner, to spend the night at Peters' studio. The agent was using an assumed name and, of course, did not disclose his capacity as an officer. His purported purpose in going there was to try to help repair an automobile belonging to Lucy Brown and Michael Gruiner. They introduced him to Peters. Bramwell left the Scott Street address with

Gruiner and went to look at the automobile. When they returned a few minutes later, those present were discussing the drug situation in Little Rock. Bramwell made some inquiry of those present whether they knew where he could obtain some marijuana. There was evidence tending to show that a marijuana cigarette was smoked by some of those present. It was produced by Lucy Brown at Gruiner's request.

On the next day, Bramwell returned to Peters' place in the afternoon, and discussed the repair of the automobile with Gruiner, after which they went to a parking lot across the street and spent about 30 minutes purportedly checking the vehicle. They then returned to Peters' residence, where Bramwell went upstairs. Peters then gave the agent three cigarettes wrapped in dark brown paper, which were revealed by chemical analysis to contain marijuana or cannabis sativa.

Peters testified that he had repeatedly responded to inquiries by the agent (whom he knew as Don Weatherford) that he did not know of any marijuana or where it might be obtained, that he had no dealings, or plans to deal, with marijuana, that he did not know where it could be obtained and had no means of obtaining it and that things were too "hot" in Little Rock to be fooling with it. Peters also testified that Weatherford persisted in talking about the drug, claiming that he wanted some for a girl friend. According to Peters, after four or five requests, he finally told Weatherford to quit bugging him about marijuana, because he could do nothing about it.

According to appellant, he found the cigarettes given to Bramwell next to some bags left behind by Brown and Gruiner. Although he said he was suspicious of them and had started to flush them down the toilet, he gave them to Bramwell, after the agent appeared and again asked for marijuana. His version is that he told Bramwell that he had just found these cigarettes, the contents of which he claimed not to know, and related his plans for disposing of them, but stated that

he would let the agent have them if he would just get them out of the studio. It is undisputed that he refused to accept pay for these cigarettes.

While Bramwell's testimony conflicts with that of Peters in many respects, we find that if the jury accepted Peters' testimony, there would be sufficient evidence upon which it might find that there was an entrapment.

Our cases on this defense are rather sparse. *Whittington* v. *State*, 160 Ark. 257, 254 S. W. 532, and *United States* v. *Hughey*, 116 F. Supp. 649, aff'd, 212 F. 2d 896 (8th Cir. 1953), relied upon by the state, are easily distinguished from the facts in this case. In neither of these cases where the defendants were prosecuted for illegally selling whiskey was there any evidence to indicate that the officer did more than purchase or offer to purchase whiskey. As Judge Lemley said in the *Hughey* case, affording one the means and opportunity of doing that which he is otherwise ready, willing and able to do does not constitute entrapment. Entrapment does exist where the criminal designs originate not with the accused, but with the officers of the law, and the accused is lured into the commission of an unlawful act by persuasion, deceitful representation or inducement by the officers. *Sorrells* v. *United States*, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A.L.R. 249 (1932) [cited with approval in *Osborn* v. *United States*, 385 U. S. 323, 87 S. Ct. 429, 17 L. Ed. 2d 394 (1966); followed in *Sherman* v. *United States*, 356 U. S. 369, 78 S. Ct. 819, 2 L. Ed. 2d 848 (1958)]. In *Sorrells*, Chief Justice Hughes spoke for the majority in saying that in the absence of evidence that the accused had previously possessed or sold intoxicating liquor, there was sufficient evidence to present a question of fact whether the illegal sale of whiskey was instigated by a prohibition agent who prevailed upon the accused to obtain whiskey for him. This was accomplished by persistent solicitation after two refusals, while the agent reminisced with the accused about experiences as members of the same division in

the AEF during World War I. It was there pointed out that the accused was regularly and continuously employed.[1]

Perhaps, neither the persistent solicitation, the use of an alias, the misrepresentation of the purposes for which Bramwell wanted to acquire the marijuana nor the use of friends of appellant for an entree, standing alone, would have been sufficient to raise a fact question as to entrapment, but when taken together along with the total lack of evidence that Peters had possessed or sold marijuana before, there was such an issue.[2]

Other alleged errors which are likely to again present questions on a retrial include the refusal of the circuit judge to require the production of notes from which Agents Bramwell and Melancon refreshed their memories before testifying, the giving of instructions relating to possession of cannabis without a requested modification and failure to correct certain statements made by the prosecuting attorney in the closing argument.

On cross-examination, Bramwell and Melancon both admitted having referred to notes or reports about the events relating to the charges against appellant prior to testifying. Neither had his notes or reports with him. The court refused appellant's attorney's request that he be permitted to see these. The matter of requiring a witness who has refreshed his memory before testifying by an out-of-court inspection of memoranda or records but who does not use or have the writings in court to produce them for inspection lies in the sound judicial discretion of the trial judge. *Goldman* v. *United States*, 316 U. S. 129, 62 S. Ct.

---

[1]Three members of that court would have held that there was entrapment as a matter of law, and ordered the charges dismissed. One would have affirmed the conviction. In *Sherman* the court held that there was entrapment as a matter of law and directed dismissal of the charges.

[2]Excellent discussions on the defense will be found in annotations at 33 A. L. R. 2d 883 (1954) and 55 A. L. R. 2d 1322 (1957).

993, 86 L. Ed. 1322 (1940) [overruled on another point, *Katz* v. *United States,* 389 U. S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)]; *Reizenstein* v. *State,* 165 Neb. 865, 87 N. W. 2d 560 (1958). See also Annot., 82 A. L. R. 2d 473, 562 (1962). Where, as here, no reason for, or purpose of, the inspection was given when the request was made, we cannot say that the court abused its discretion.

Appellant requested that the instruction advising the jury that cannabis is classified as a narcotic drug should have been modified by adding the following statement: "Only portions of the plant cannabis sativa are classified as a narcotic drug." Appellant relies upon Ark. Stat. Ann. § 82-1001(13) (Repl. 1960) in which there is a statement that the mature stalk and fiber produced from such stalks are not included in the term cannabis. Appellant is in no position to assert error on this ground because the court gave his requested instruction advising the jury that the state was required to prove beyond a reasonable doubt that appellant possessed parts of the plant other than mature stalks, fiber produced from the stalks or oil and cake made from the seeds.

We see no conflict in the instructions given. Instructions are to be read together to ascertain whether the whole law of the case is correctly declared, and are to be reasonably interpreted. *Webb* v. *State,* 150 Ark. 75, 233 S. W. 806; *Arnott* v. *State,* 109 Ark. 378, 159 S. W. 1105. Since these instructions do not conflict and neither of them purports to declare the whole law of the case, there is no error. *Webb* v. *State, supra; Arnott* v. *State, supra; Zinn* v. *State,* 135 Ark. 342, 205 S. W. 704.

In the closing argument, appellant objected to a statement by the prosecuting attorney that "the court has instructed you as to presumption of innocence, reasonable doubt, preponderance of evidence . . . ." Appellant's attorney asked that the prosecuting attorney be required to withdraw the statement as to the pre-

ponderance of the evidence as confusing to the jury, since the court's instructions did not submit any question as to the preponderance of the evidence. The court merely told the prosecuting attorney to proceed. Appellant's contention is that the court's action amounted to an approval of the argument in conflict with the requirement that the jury must be satisfied of appellant's guilt beyond a reasonable doubt. We will not reverse the action of the trial judge in the exercise of his wide discretion in the control of the argument of counsel, in the absence of abuse. *Head* v. *State,* 221 Ark. 213, 252 S. W. 2d 617; *Fisher* v. *State,* 241 Ark. 545, 408 S. W. 2d 894, cert. denied, 389 U. S. 821, 88 S. Ct. 43, 19 L. Ed. 2d 73. The trial judge's superior opportunity of knowing the context in which this statement was made, the occasion for its having been made and whether the jury may have been misled thereby prevents us from saying that there was a manifest abuse of discretion.

It seems unlikely that the other remark complained of will be repeated since it had to do with the effect of a verdict having been directed in favor of appellant in a case consolidated with this for trial.

Reversed and remanded for a new trial.