TROY DUNCAN *v.* STATE OF ARKANSAS

5500                                   454 S. W. 2d 98

Opinion delivered May 11, 1970
[Rehearing denied June 15, 1970.]

*Jeff Duty,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Troy Duncan was tried before the Washington County Circuit Court, sitting as a jury, and was convicted of possession and delivering of certain depressant or stimulant drugs. He was sentenced to two years in the penitentiary with one year suspended and was fined $1,500 on each count.

On appeal to this court Duncan relies on the following point for reversal:

"The Court erred in holding the appellant guilty in that the evidence showed a case of entrapment."

The appellant did not testify nor did he offer any testimony in his defense. Three witnesses testified for the state and their testimony is uncontradicted.

Duke Atkinson, supervisor of narcotics with the Arkansas State Police, testified that he is an undercover agent for the state police and that he discussed with the appellant the possibility of buying into the appellant's business, including his "pill business," for an agreed price of $5,000. He says that the appellant advised him that he had sold approximately 30,000 pills, and that his greatest profit was in the pill business. He says that he occupied a motel room under the assumed name of "Dale Atwood" and called the appellant at his home and requested the appellant to meet him in the motel room. He says that when the appellant first arrived at the motel room, they discussed local events and then discussed amphetamines. He says that he asked the appellant on three occasions if the amphetamines he had were good and was advised each time they were 10 milligram amphetamines. Atkinson testified that he agreed to purchase 10,000 pills at $95 per 1,000. He says that he counted out, and showed the appellant $700 of the total agreed sale price, and that the appellant went outside to his vehicle and brought back into the motel room, a box containing 10,000 pills. He says that he then excused himself on the pretext of going to his own vehicle for the remainder of the sale price and at this point the arrest was made by the sheriff of Washington County and other agents.

On cross-examination Mr. Atkinson testified that he first got acquainted with the appellant in Rogers, Arkansas, and that he told the appellant that a Mr. Lee Gordon, who is in fact a night dispatcher for a truck line in Oklahoma City, had told him if he got

into Rogers, Fayetteville or Springdale and ran dry of pills, the appellant could provide him with amphetamines. He says that he represented to the appellant that he was "Dale Atwood," a truck driver and indicated to the appellant that he was interested in a partnership business and would be able to sell drugs in Arkansas and Oklahoma on a fifty-fifty basis. This witness testified that he had already obtained some pills from the appellant in Benton County and was familiar with the fact that the appellant was engaged in the business of handling drugs.

Mr. Harry Troutman, an investigator with the narcotics and dangerous drugs division of the state police, testified that he was at the Holiday Inn at Fayetteville, Arkansas, on September 19 and occupied a room adjoining the one occupied by Mr. Atkinson. He says that he saw the appellant deliver the pills to Mr. Atkinson, and this witness identified the drugs delivered to Atkinson by the appellant. On cross-examination Mr. Troutman testified that the sheriff of Washington County, the prosecuting attorney and some other officers occupied the room with him at the time the arrest was made.

Mrs. Marguerite Van Dusen, chemist at the state health department, testified that she did a chemical analysis on the pills involved; that they contained amphetamine sulphate, and that these drugs were illegal on her list.

The analysis of the drugs and illegality of the possession under the uncontroverted facts of this case are not questioned, and we are of the opinion that no illegal entrapment of the appellant was involved. In the very recent case of *Peters* v. *State*, (February 23, 1970), 450 S. W. 2d 276, we said:

"... affording one the means and opportunities of doing that which he is otherwise ready, willing and able to do does not constitute entrapment. Entrapment does exist where the criminal designs

originate not with the accused, but with the officers of the law, and the accused is lured into the commission of an unlawful act by pursuasion, deceitful representation or inducement by the officers. *Sorrells* v. *United States,* 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249 (1932) cited with approval in *Osborne* v. *United States,* 385 U. S. 323, 87 S. Ct. 429, 17 L. Ed. 2d 394 (1966) followed in *Sherman* v. *United States,* 356 U. S. 369, 78 S. Ct. 819, 2 L. Ed. 2d 848 (1958)."

See also *Whittington* v. *State,* 160 Ark. 257, 254 S. W. 532, and *United States* v. *Hughey,* 116 F. Supp. 649, aff'd in *Hughey* v. *United States,* 212 F. 2d 896 (8th Cir. 1963.).

In the recent case of *Washington* v. *State,* 248 Ark. 318, 451 S. W. 2d 449, the substantial evidence on the issue of entrapment was in conflict. We held in that case that the issue of entrapment is one of fact, and that if there is any substantial evidence to support the trial court's judgment, we affirm. The substantial evidence is not even in conflict in the case at bar.

The judgment is affirmed.