JAMES LEVERICH v. STATE OF ARKANSAS

5522                                    460 S. W. 2d 317

Opinion delivered December 14, 1970

*Jeff Duty,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant James Leverich was convicted of the offenses of unlawful possession and sale of stimulant drugs. He seeks reversal on the grounds (1) that the evidence established his entrapment by a government agent, and (2) that his conviction was contrary to the evidence.

In April 1968, appellant was working at a truck stop in Rogers. Agent Bramwell of the Federal Bureau of Narcotics was on assignment to check the truck stop for possible illegal sale of tablets containing stimulant drugs. On that occasion he purchased from appellant a quantity of tablets which were purported to contain amphetamine. An analysis revealed the presence only of caffeine and no charges ensued. The agent returned to the station the following January and purchased from appellant two packages of pills, one dozen in each bag, paying $5.00 therefor. Bramwell said those pills were represented by appellant as being different from the ones previously sold and as containing "good stuff." Laboratory tests revealed that the variety of tablets contained phenobarbital, amphetamine, and caffeine.

Agent Bramwell further testified that on neither occasion did he identify himself by a name, fictitious or real; that each time he was in the truck stop for only a few minutes; that on the January visit he inquired about buying some more pills and appellant responded in the affirmative; that appellant had the tablets in his shirt pocket; that the agent was directed to follow appellant to a back room in the service station; and that there the tablets and money were exchanged. Bramwell said he inquired if he could buy tablets in quantities of 1,000 and was informed that appellant would have to check his source.

Appellant testified as to the alleged sales. He admitted the first sale of the caffeine tablets but explained that he obtained them from Troy Duncan and that he delivered the sale price to Duncan. As to the second sale, which he also admitted, appellant recalled "I had somebody back at that time come in and ask me if I had some [pills], and two packages was all I had." He said they were in the back room in an oil case; that some of the employees were "pushing them"; and that he made the sale and gave the money to Troy Duncan because appellant presumed they were Duncan's pills. He conceded knowing that they were "pep pills."

The pertinent evidence, which we have fairly summarized, is devoid of any of the essentials of entrapment. In *Peters v. State*, 248 Ark. 134, 450 S. W. 2d 276, we had this to say:

> . . . As Judge Lemley said in the *Hughey* case, affording one the means and opportunity of doing that which he is otherwise ready, willing and able to do does not constitute entrapment. Entrapment does exist where the criminal designs originate not with the accused, but with the officers of the law, and the accused is lured into the commission of an unlawful act by persuasion, deceitful representation or inducement by the officers.

In presenting his only other point for reversal—that the verdicts were contrary to the evidence—appellant argues that the tablets did not belong to him. The court would have been justified in finding that appellant did in fact own the tablets but ownership is beside the point. He possessed the drugs, if only for a short time, sold them, and took the money. Whether he was acting for himself or as an intermediary is immaterial.

Affirmed.